EASTWOOD et al. v. CUTLER–HAMMER MFG. CO. et al.

(Circuit Court, E. D. Wisconsin. November 16, 1906.)

1. PATENTS—SUIT FOR INFRINGEMENT—PLEADING.

A bill for infringement of a patent must specifically allege all of the facts necessary to show the validity of the patent under the statutes, and a failure to allege that it was issued in the name of the United States or under the seal of the Patent Office, or that it was signed by the Commissioner of Patents, renders the bill demurrable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 507, 508.]

2. SAME.

A bill for infringement of a patent containing a number of claims must specifically enumerate the claims to be relied on, and where it does not the objection may properly be raised by demurrer on the ground that it is inequitable and unconscionable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 509.]

In Equity. On demurrer to bill. This was a bill for infringement of a patent, to which a demurrer was filed; the fourth ground being that there was no allegation that the letters patent in suit were issued in the name of the United States of America, nor under the seal of the Patent Office, nor that they were signed by the Commissioner of Patents, and the eighth, ninth, and eleventh grounds, in substance, that the bill was inequitable and unconscionable, in that it did not specify which of the 18 claims of the patent were relied on.

Pierce & Barber, for complainants.

Jones, Addington & Ames, for defendants.

QUARLES, District Judge. This is a demurrer to a bill in equity filed by complainants for the infringement of a patent and for an injunction and accounting. The demurrer is based upon 11 grounds. The demurrer is overruled as to the second, third, fifth, sixth, seventh, and tenth grounds of demurrer. The demurrer is sustained as to the fourth, eighth, ninth, and eleventh grounds.

The ruling on the fourth ground, that "there is no sufficient allegation that the letters patent in suit were issued in the name of the United States of America, nor under the seal of the Patent Office, nor that they were signed by the Commissioner of Patents," is predicated upon the case of Elliott & Hatch Book Typewriter Co. v. Fisher Typewriter Co. (C. C.) 109 Fed. 331, where the averments of the bill were identical with those in suit upon this subject. Under a liberal rule of pleading, the general averments in the bill that the patent was issued by the proper officers of the government, in conformity with the special acts of Congress relating to that subject, would probably be sufficient; but, inasmuch as the sufficiency of such general averments in a bill of this kind has been passed upon, I feel constrained to follow the authority of the case above cited.

As to the eighth, ninth, and eleventh grounds of demurrer, it was practically conceded by the learned counsel for the complainants, upon the argument, that it would be inequitable and unjust to require the defendants to make search and preparation upon the 18 claims in the

patent in suit, as would be necessary under a bill alleging infringement of the patent generally, without specially enumerating the claims to be relied upon, and that the actual litigation contemplated by the complainants against the defendants would probably involve only 4 or 5 of such claims. Under these circumstances, I hold that the bill is defective, in that it does not allege which of said 18 claims are embodied by the defendants in the infringing mechanism, and this objection is properly raised by demurrer.

Leave is granted for the complainants to amend the bill, as they may be advised, on or before the January rule day.