FOUNDATION CO. et al. v. O'ROURKE ENGINEERING CONST. CO.

(Circuit Court, S. D. New York.   June 28, 1909.)

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—SUFFICIENCY OF BILL.

In a bill for infringement of a number of patents, copies of which are attached, an allegation that defendant "has made, used, and sold, or caused to be made, used, and sold, structures and processes containing, employing, and embodying the inventions described and claimed in the specifications of said letters patent, thereby infringing the exclusive rights of your orators," is sufficient to charge the defendant with having infringed all the inventions described in all of the specifications of all the patents.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 511;  Dec. Dig. § 310.*]

2. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—SUFFICIENCY OF BILL—ALLEGATION OF CONJOINT USE.

An allegation, in a bill for infringement of two or more patents, that the inventions covered thereby are capable of conjoint use, and have been conjointly used, by defendants, is sufficient on demurrer, although it is not specifically stated that they were used in the same structure, which is implied from the words "conjoint use" and "conjointly used."

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

3. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—SUFFICIENCY OF BILL.

That a bill for infringement of a number of patents, containing a large number of claims, does not specify which of such claims are relied on as having been infringed, is not ground for demurrer.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

4. PATENTS (§ 290*)—SUIT FOR INFRINGEMENT—MULTIFARIOUSNESS OF BILL.

A part owner of certain patents, who has not granted any license, and a licensee of the other part owners, which license also includes other patents, in which their co-owner has no interest, have not such a unity of interest as entitles them to join in a bill for infringement of all of such patents.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 470;  Dec. Dig. § 290.*]

In Equity.   On demurrer to bill.

Domingo A. Usina, for complainant.
Edmonds & Peck, for defendant.

MARTIN, District Judge.   This case now stands before the court upon a demurrer to the complaint.   Briefly stated, the complaint alleges that Daniel E. Moran and John W. Doty were the inventors of certain structures and modes of constructing foundations for high and heavy buildings in the city of New York, and letters patent were duly issued therefor;  that a two-thirds interest in two of the applications for letters patent were conveyed by Daniel E. Moran to Edwin S. Jarrett and Franklin Remington;  that the said Moran, Jarrett, and Doty granted to the defendant Foundation Company the exclusive right and license to make use of and sell the said inventions described in all of said letters patent;  that said inventions and letters patent were of great value, and—

"the defendant, well knowing the premises, but with intent to injure your orators, to interfere with their business, and to deprive them of the profits

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

derived and to be derived from making, using. and vending the said inventions, has within the Southern district of New York, subsequent to the grant of said letters patent, and of said rights and licenses, and without the license and consent of your orators, or any of them, made, used, and sold. or caused to be made, used, and sold, structures and processes containing, employing, and embodying the inventions described and claimed in the specifications of said letters patent, thereby infringing the exclusive rights of your orators; but how many such structures the defendant has made, used, or sold, or caused to be made, used, or sold, and to what extent it has practiced the processes of the said inventions, your orators are ignorant, and cannot set forth, and therefore pray a discovery thereof; but your orators, upon information and belief, aver that the said defendant has so made, used, and sold a number of such structures, and has practiced the processes of said inventions a number of times, and has derived large gains and profits therefrom, and has instigated the manufacture, sale, and use of said apparatus and the practice of said processes by others, and is preparing yet more extensively to infringe said letters patent, and to inflict injury, damage, and loss upon your orators, but to what amount the defendant has so profited by reason of said infringement your orators are ignorant, and cannot set forth, and therefore pray an account thereof. And your orators further say that the subject-matters of all said letters patent are capable of conjoint use, and are in fact conjointly used, in the forming or sinking of foundations for buildings, and that defendant has conjointly used the same in making and using the structures and practicing the processes hereinbefore complained of."

It is unnècessary to refer to the other allegations, as the pleadings raise no question relating thereto. Copy of the letters patent, with sketches of various figures exemplifying the claims of the same, are attached to said bill of complaint. The defendant claims by his demurrer that there are several separate and distinct causes of action, there being ·7 patents and 95 claims on different subject-matters set out in the bill; that some of the patents are incapable of conjoint use with other of the patent devices; and that some of the processes are not patentable.

The complainant avers in his complaint that the defendant—

"has made, used, and sold, or caused to be made. used, and sold, structures and processes containing. employing, and embodying the inventions described and claimed in the specifications of said letters patent, thereby infringing the exclusive rights of your orators."

This averment seems to be broad enough to charge the defendant with having infringed all the inventions described in all of the specifications of all of said letters patent. The defendant contends that, by an examination of the letters patent, it is self-evident that there is such a conflict in the different patents, and the different specifications thereof, that the court should hold that this averment is in conflict with facts made apparent by the letters patent. If this was an application for a bill of particulars, as to the claims of the various patents that the orators insist have been infringed, I should be inclined to hold, from an examination of the patents,· that such an application should be granted; but, without the aid of evidence, the defendant's contention on this ground does not well enough appear.

Another ground of demurrer is that the allegation that all the patented improvements are susceptible of conjoint use,· and have been so used by defendant, is insufficient. As to this ground of demurrer, I think the allegations of paragraphs 7 and 8 sufficient. It

is true that paragraph 8 of the bill does not aver that said letters patent are capable of conjoint use in a single structure; but it does allege that it is capable of conjoint use, and has been conjointly used by the defendants, in the forming or sinking of foundations for buildings. If the defendant has not infringed all the processes of the several patents set out in the complaint in a single structure, he can readily meet this allegation by denial. The allegation is that all the patents are susceptible of conjoint use, and the defendant is charged with conjoint use of them all. These patents relate to a mode of construction—a way of doing the work. The words "conjoint use" and "conjointly used," in clause 8 of the bill, fairly construed, mean "used together." These inventions are not conjointly used, if a part only are used in one structure and a part in another. This objection is too technical to be sustained in equity, especially in view of the fact that the defendant can squarely meet it by an answer.

Another ground is the failure to specify which of the 95 claims in the 7 patents are relied on by the complainants as having been infringed by the defendants. The rights of the defendant can be fully protected in this regard by a bill of particulars.

The defendant further insists that there is a misjoinder of parties and an insufficient unity of interest. I cannot escape the conviction that this ground of demurrer is well taken. The complainant Remington is the owner of one-third of patents No. 759,-388 and 759,389. He is not a copartner, but an absolute owner of one-third interest in those patents. The bill avers that the complainants Moran, Jarrett, and Doty "did grant to the said Foundation Company the exclusive right and license to make, use, and sell the said inventions described in all the aforesaid letters patent"; but it is apparent upon the face of the pleadings that this averment is not according to the fact. Remington never granted his interest in said two letters patent to said Foundation Company or any one else. Remington has no interest in five of the patents which the orators claim the defendants have infringed. The Foundation Company has no interest in Remington's one-third ownership of two of the patents. Doty owns the patent granted February 14, 1905, No. 782,383. The orators Jarrett and Remington have no interest in that.

The mere setting out of more than one letters patent in a bill does not of itself render the bill multifarious. A demurrer for multifariousness will not lie to a bill founded on several patents, where all of the inventions are set out as constituting a cause of action, and where a single defense, "We do not make such a machine," meets the whole bill in its allegations and prayer, though several parties and several patents are joined; but, where the averments are such that the defendant cannot safely meet them by answer, it presents a different question. Here the bill alleges that the Foundation Company has the exclusive use of all these patents and all the rights under all the patents, and at the same time shows a state of facts that contradicts this averment, in that one man owns one-third interest in two patents that the Foundation Com-

pany have no right to use. This puts the defendants in an inequitable position for answer. Does the orator Remington claim damages 'for that the defendant has deprived him of his present use of his interest in these two patents? The bill is silent as to that. What rights in each of the orators have been infringed, and what damages each has suffered, are so inadequately pleaded that the defendant, in view of his demurrer, should not be compelled to answer.

Counsel for the complainant has cited Chisholm v. Johnson (C. C.) 106 Fed. 191. In that case the question as to misjoinder of parties was first brought to the attention of the court after the evidence had been taken. The learned judge, near the close of his opinion, on page 214, uses this language:

"The objection of misjoinder of parties, had it been taken by demurrer or plea, possibly would have been entitled to greater weight. The joinder of patent owners as complainants, where some of them have no legal ownership of or legal interest in some of the patents sued on, is a course which generally should not be encouraged. But the objection having been first raised by answer, and not having been brought to the attention of the court until final hearing, it cannot, in view of the particular circumstances of this case, be sustained."

There are a large number of cases in which it is held that the doctrine of multifariousness should not be applied, though numerous claims of several patents are alleged to be infringed; also cases in which several parties are joined as complainants in the same bill, where by the bill a common interest of each complainant appears. But in all such cases the facts constituting such interest must be averred clearly and consistently, that the defendant may be apprised of just which that interest is.

In the case at bar the bill fails in this respect, and on this ground the demurrer is sustained, with costs.