GENERAL ELECTRIC CO. v. AMERICAN BRASS & COPPER CO.

(Circuit Court, S. D. New York. August 9, 1911.)

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—PLEADING.

Under the practice in the Second Circuit, complainant in a suit for infringement may declare on the patent generally and postpone the statement of the particular claims relied on until the taking of the testimony begins.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

2. PATENTS (§ 328*)—VALIDITY—INFRINGEMENT.

The Sargent patent, No. 665,582, for a lamp socket, *held* valid and infringed on motion for preliminary injunction.

This cause comes before the court upon a demurrer to the bill and also on motion for preliminary injunction.

Samuel Owen Edmonds, of New York City, for complainant.

Arthur P. Greeley, of Washington, D. C., for defendant.

LACOMBE, Circuit Judge. [1] The suit is for infringement of letters patent 665,582 and 751,029, and the only ground of demurrer submitted is that the bill does not state which of the claims of the two patents sued upon are alleged to be infringed. Defendant relies upon Eastwood v. Cutter-Hammer Company (C. C.) 148 Fed. 718.

Whatever may be the rule elsewhere, it is well settled practice in this circuit to declare upon a patent and to postpone the statement of the particular claims alleged to be infringed until the taking of the testimony begins. We see no reason to change this practice. The liberality with which applications to amend answers are treated, after the taking of complainant's prima facie proofs indicates his contentions, secures defendant every facility to interpose and maintain his defenses.

[2] As to the motion for preliminary injunction on patent 665,582: This patent has been adjudicated at final hearing in the district of New Jersey and the few additional patents introduced here do not add anything material to the statement of the prior art which was before Judge Cross. His decision as to the validity of the patent and the scope of claim II (the only one relied upon on this motion) will, therefore, be followed. No functional difference is apparent between the "projection" of the patent and the "groove" of defendant's structure, as a means for securing the insulating lining in place.

The failure to move against defendant while complainant was seeking to maintain the validity of his patent and to have its claims construed in the New Jersey suit cannot be charged against it as laches.

Motion for preliminary injunction is granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes