### MARCONI WIRELESS TELEGRAPH CO. v. NEW ENGLAND NAVIGATION CO.

(Circuit Court, S. D. New York. October 16, 1911.)

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—DEMURRER TO BILL.

In a suit for infringement of a patent, the defense of laches, or that the patent itself is void for uncertainty, does not usually constitute ground for demurrer, but is a matter to be determined on the hearing.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*

Laches as a defense in suits for infringement, see notes to Taylor v. Sawyer Spindle Co., 22 C. C. A. 211; Richardson v. D. M. Osborne & Co., 36 C. C. A. 613.]

2. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—DEMURRER TO BILL.

The objection that a bill for infringement does not allege which of the claims of the patent are relied on is not ground for demurrer, but should be taken by motion to require complainant to specify such claims.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

In Equity. Suit by the Marconi Wireless Telegraph Company against the New England Navigation Company. On demurrer to bill for infringement of patent. Overruled.

Betts, Sheffield, Bentley & Betts, for complainant.
Charles M. Sheafe, Jr., for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LACOMBE, Circuit Judge. [1] The first ground is that, by reason of laches appearing on the face of the bill, complainant is estopped from asserting any rights under the patent. The question whether or not there has been laches is one which may best be determined upon proofs of facts and circumstances.

The second ground is that six years has elapsed since complainant was entitled to bring the suit. The complaint alleges that defendant has infringed at divers times since March 6, 1905 (the date of the patent). Defendant construes this as an allegation that the first act of infringement was committed on March 6, 1905. The language of the bill does not require such construction.

The fourth and fifth grounds are that the specification is ambiguous, misleading, and confusing, and that there is a needless multiplication of nebulous claims, which are deceptive and misleading to the public. Whether or not there is any force to these criticisms of the specifications and claims can be determined only when the court is advised as to the state of the art at the time the patent was granted.

[2] The final ground is that the bill is vague, indefinite, and uncertain, because it fails to allege which of the 20 claims are supposed to be infringed. The objection, however, should not be raised by demurrer, but by motion, made at the proper time, to have complainant indicate on which claims it relies.

The demurrer is overruled, with leave to answer in 20 days.