BONNEY SUPPLY CO., Inc., v. HELTZEL et al.

(District Court, N. D. Ohio, E. D. June 4, 1917.)

No. 374.

PATENTS ⬡═310(1)—SUIT FOR INFRINGEMENT—PLEADING.

In a suit for infringement, complainant cannot be required by a motion for further and better particulars, made under equity rule 20 (198 Fed. xxiv, 115 C. C. A. xxiv), to make a comparison of the elements of the claims of his patent with the elements of defendants' structure, which would not be a statement of ultimate facts required by rule 25, but merely the opinion or conclusions of the pleader; but he may be required to specify the claims of the patent relied upon as having been infringed.

In Equity. Suit by the Bonney Supply Company Incorporated against John W. Heltzel and the Heltzel Steel Form & Iron Company. On motion by defendants for bill of particulars. Granted in part.

B. H. Davis, of Cleveland, Ohio, and Frank Keiper, of Rochester, N. Y., for plaintiff.

E. R. Alexander and George B. Pitts, both of Cleveland, Ohio, for defendants.

WESTENHAVER, District Judge. Complainant's bill of complaint, after setting up its patent, alleges infringement thereof by the defendants in general language. In substance it says that the defendants have infringed letters patent No. 1,182,081 by making, using, and selling, or leasing, or causing to be made, used, and sold, or leased, rapid loaders for wagons, embodying the improvements set forth and claimed in complainant's patent. To this bill defendants file a motion for further and better particulars, as follows: (1) A statement specifying which claim or claims of the patent in suit is or are infringed by each of the constructions manufactured by the defendant the Heltzel Steel Form & Iron Company. (2) A statement or statements comparing the elements of each of the claims relied upon with the elements of each and all of defendants' constructions which plaintiff will allege infringe the patent in suit.

Whether the relief should be granted in either or both respects calls for an examination of new equity rules 20, 25, 30, 33, and 58 (198 Fed. xxiv, 115 C. C. A. xxiv). If complainant's bill does not contain a sufficient statement of ultimate facts in the respects complained of in the motion, then to that extent the motion should be sustained. If, on the other hand, it does contain a sufficient statement of ultimate facts, the motion should be overruled. In no event, however, should the motion be granted, so as to require further and better particulars by the pleading, or incorporation of evidential matter, or of conclusions of law and of fact. Inasmuch as the questions of practice raised by this motion are important, and cannot be said to be finally settled, an examination of the questions involved and a review of the pertinent authorities have been made by me, and the results thereof may properly be recorded in this memorandum for the information of counsel.

Equity rule 20 says:

"A further and better statement of the nature of the claim or defense, or further and better particulars of any matter stated in any pleading, may in any case be ordered, upon such terms, as to costs and otherwise, as may be just."

Equity rule 25, stating what a bill in equity shall contain, says:

"A short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence."

Equity rule 33 abolishes exceptions to an answer for insufficiency and authorizes a motion to strike out in order to test the sufficiency thereof. Equity rule 58 provides for discovery, inspection and production of documents, admission of the execution or genuineness of documents, and for the submission of interrogatories in writing "for the discovery by the opposite party or parties of facts and documents material to the support or defense of the cause."

These new rules were intended to simplify equity pleading, and expedite the hearing and final decision of equity causes. They were intended in matters of pleading to assimilate bills in equity to the petition of the Code practice. While the language of the several Codes differs, they in general, require a statement of facts constituting a cause of action in ordinary and precise language. In some Codes the language is a statement of operative facts. In equity rule 25 the language is a short and simple statement of the ultimate facts. As a result of long years of practice, it is now settled that conclusions of law and of fact, matters of evidence, and all repetition should be avoided. The pleading is sufficient when the operative or ultimate facts are duly pleaded according to their legal tenor and effect. The Code practice provides for a motion to make definite and certain any pleading, the allegations of which are too indefinite and general to inform the opposite party of what it may be claimed will be the ultimate or operative facts. Indefiniteness and too great generality are not a ground for demurrer under the Code practice, and in this respect also the new equity rules have conformed to the same procedure. Equity rule 20, in like situations, permits an order to be made for a further and better statement of the nature of the claim or defense, or for further and better particulars of any matter stated in a pleading. It is manifest, therefore, that greater definiteness or certainty may be required under the new than was required under the old rules.

Rule 58, allowing the discovery by interrogatories of facts and documents, inspection, production, and admission of genuineness of documents, has also its counterpart in the Code practice. It will be noted the discovery is of facts and documents, and that interrogatories are available only for that limited purpose. Numerous cases may be found in which the kind of interrogatory that may be filed, and to which answer may be required, has been considered, and these cases are pertinent to the second ground of the motion now under consideration.

The general allegations of infringement in the bill in this case have been held sufficient on demurrer under equity practice prior to the new rules. In American Bell Telephone Co. v. Southern Telephone Co.

(C. C.) 34 Fed. 803, Judge Brewer (afterwards Mr. Justice Brewer) stated the established practice in this respect in these words:

"On authority, the other objection must also be overruled; that is, the objection that there is simply a general averment that the defendant infringes. It is not so easy to sustain that upon principle, because, as was well stated by counsel here, the exactness and certainty of equity pleadings would seem very properly to require that, instead of a simple averment that the defendant has infringed, particularly in a case where a patent covers many claims—in this case also covering both a process and an apparatus—it would narrow the inquiry if the averments were made specific that the infringement was in reference to one claim, and not in reference to the rest. Still, whatever might be the decision if the matter was open to question, the practice is very general in bills in patent cases to simply aver that the defendant has infringed. * * * So, while as a matter of principle it may not be so easy to sustain this practice, yet, in view of the great weight of authority as to the form of pleadings that are sufficient in patent cases, this objection must also be held not well taken, and the special demurrer will be overruled. Pitts v. Whitman, 2 Story, 609 [Fed. Cas. No. 11,196]; Turrell v. Cammerrer, 3 Fish. Pat. Cas. 462 [Fed. Cas. No. 14,266]; Haven v. Brown, 6 Fish. Pat. Cas. 413 [Fed. Cas. No. 6,228]; McMillan v. Transportation Co. [C. C.] 18 Fed. 260; McCoy v. Nelson, 121 U. S. 484, 7 Sup. Ct. 1000 [30 L. Ed. 1017]."

To the same effect is Luten v. Sharp (D. C.) 200 Fed. 151, a decision by Pollock, District Judge.

In Bayley v. Braunstein (D. C.) 237 Fed. 671, Hand, District Judge, holds that the ultimate facts are not sufficiently pleaded in a patent case by allegations that complainant is the owner of a patent, but that it must also be stated that he was the first original and sole inventor, and the negative requirements of the statute must also be complied with.

In Maxwell Steel Vault Co. v. National Casket Co. (D. C.) 205 Fed. 515, Ray, District Judge, has considered the same question at length, and has come to the same conclusion; whereas, in Zenith Carburetor Co. v. Stromberg Motor Devices Co. (D. C.) 205 Fed. 158, Tuttle, District Judge, has reached the opposite conclusion. The opinion of Judge Ray is particularly illuminating as to what is a short and simple statement of the ultimate facts in pleading a patent, and his reasoning commends itself to me. In alleging the ultimate facts of an infringement charge in a short and simple statement, it would seem that on demurrer, at least, the general averments of a bill good prior to the adoption of the new equity rules, should be good under the new rules. Upon a motion, however, to make definite and certain, a different question arises.

In Morton Trust Co. v. American Car & Foundry Co., 129 Fed. 916, 64 C. C. A. 367, the Circuit Court of Appeals, Third Circuit, Acheson, Circuit Judge, delivered the opinion, which was concurred in by Circuit Judges Dallas and Gray. The patent sued on contained 28 claims. The charge of infringement was in general language, no more detailed than is the bill in the instant case. The District Court had made an order requiring the complainant to amend its bill requiring a specification of the particular claim or claims of the patent, with respect to which the infringement by the defendant was charged, and that it specify also the particular parts of the defendant's car or car

construction that were relied upon as infringements of the patent in suit. This appears to be the exact relief sought by the present motion. Complainant having failed to comply with the order, its bill was dismissed. Upon appeal it was held that the averment of infringement was plainly sufficient, according to the approved practice in patent cases, and the judgment below was reversed. We quote from the opinion:

"In its scope the order goes beyond any precedent known to us.´ Compliance with the order would require definite knowledge of the defendant's car construction. It does not appear, and we think it ought not to be presumed, that the plaintiffs have had such an opportunity to inspect all the parts of the defendant's car as would enable them to˝ specify the extent and character of the defendant's infringement with the particularity enjoined by the order. On the other hand, there is no hardship that we can see in calling upon the defendant to answer the charge of infringement contained in this bill. The defendant has before it, or is entitled to have before it, the patent sued on, and upon an inspection of the patent can see whether its construction is the same as or different from that of the patent. We are far from satisfied that the trial of patent causes would be expedited, or the records therein abbreviated, by the adoption of the new practice contemplated by the order in question."

In Foundation Co. v. O'Rourke Engineering Construction Co. (C. C.) 171 Fed. 425, Martin, District Judge, on demurrer, held that a general charge of infringement was sufficient to charge the defendant with having infringed all the inventions described in all of the specifications of seven different patents, containing 95 claims. Answering an argument that an examination of the letters patent makes it evident that there is conflict between the different patents and claims, and that a more definite and certain allegation should be made, he says:

"If this was an application for a bill of particulars, as to the claims of the various patents that the orators insist have been infringed, I should be inclined to hold, from an examination of the patents, that such an application should be granted; but, without the aid of evidence, the defendant's contention on this ground does not well enough appear."

In Marconi Wireless Telegraph Co. v. New England Navigation Co. (C. C.) 191 Fed. 194, Lacombe, Circuit Judge, held that a demurrer should not be sustained to a bill on the ground of indefiniteness and uncertainty because it failed to allege which of twenty claims were supposed to be infringed, but that this objection, if good at all, should be raised by motion, made at the proper time, to have complainant indicate on which claim it relies. In General Electric Co. v. American Brass & Copper Co. (C. C.) 209 Fed. 237, Lacombe, Circuit Judge, held on demurrer, that it is not necessary in a charge of infringement to state which of the claims of two patents sued on are alleged to be. infringed. In P. M. Co. v. Ajax Rail Anchor Co. (D. C.) 216 Fed. 634, Sanborn, District Judge, considering interrogatories filed under equity rule 58, says:

"It is well settled by these decisions that the disclosure of evidence is not required. The nature of the case and the facts supporting it may be required to be stated. Mere evidence or facts tending to prove the nature of the case, or the facts upon which it is based, are quite generally held not proper to be inquired into."

He further states that certain interrogatories inquire as to the opinion of the complainant as to the construction of the patent, and this, he says, is a matter to be supplied by expert testimony in support of the contention of infringement, or the validity of the patent, or both; that these matters are purely evidentiary, and not facts such as may be inquired about under the rule.

In Luten v. Camp (D. C.) 221 Fed. 424, Thompson, District Judge, considering interrogatories under equity rule 58, holds that a party may be interrogated as to the facts upon which his cause of action is based, but not as to mere evidence or facts tending to prove the nature of the case, or facts tending to prove the main facts, and that, applying this holding, a party should not be required to make a comparison between the defendant's blue prints of construction and the plaintiff's patent plans, because this comparison is a matter for expert testimony, or to be determined by the court from an inspection of the documents at the trial, and is, in any event, merely evidentiary, and not a fact supporting plaintiff's case. In Blast Furnace Appliances Co. v. Worth Bros. Co. (D. C.) 221 Fed. 430, District Judge Thompson followed and applied these rules. In Window Glass Machine Co. v. Brookville Glass & Tile Co. (D. C.) 229 Fed. 833, Orr, District Judge, also followed and applied the rules announced by Judge Thompson.

In Gennert v. Burke & James (D. C.) 231 Fed. 998, District Judge Hand, considering interrogatories designed to compel complainant to point out, not only what parts of the defendant's machine infringed, but what part corresponds to each element of his claim, says:

"Strictly speaking, the motion is wrong in any event, for it does not ask the plaintiff to disclose any evidence in the case, but his own interpretation of the facts. It would more properly, therefore, arise on a motion for a bill of particulars, in which the party is asked to make more definite his position; but I do not wish to dispose of the motion upon so narrow a ground. The substantive question is whether the plaintiff should be compelled so narrowly to disclose what his position will be. Theoretically, perhaps, there is no good reason why a party should not be compelled to disclose the rationale of his position in the utmost detail, or at least of the alternative positions which he means to take before the court. Practically such a requirement would involve more friction and annoyance than it would be worth in the usual case. After a plaintiff has told what part of the machine he claims to be an infringement, there ought to be usually no difficulty in understanding what he means, without pointing out in what particular part each element is embodied. There may be cases in which the difficulties are so great of knowing the plaintiff's position that such relief would be proper, but that could only be in a case where the defendant showed satisfactorily that he was in honest doubt as to what the plaintiff could mean. No such showing is made in this case."

In Rodman Chemical Co. v. E. F. Houghton Co. (D. C.) 233 Fed. 470, Dickinson, District Judge, considering interrogatories filed under equity rule 58, holds (third syllabus):

"A defendant cannot through the guise of interrogatories be required to construe a patent claim or admit or deny infringement as a legal conclusion."

In A. B. Dick v. Underwood Typewriter Co. (D. C.) 235 Fed. 300, Mayer, District Judge, having under consideration interrogatories filed

under equity rule 58, holds that interrogatories should not be filed in the language of patent claims, which use terms the meaning of which may be open to dispute, and that a construction of patent claims cannot be called for by interrogatories.

The cases reviewed above are all the reported cases which have come to my notice bearing on this subject. Applying the principles to be deduced therefrom, I am of opinion that the second ground of the present motion should be denied, under all circumstances. It does not seek a discovery of facts, nor the pleading of ultimate facts. Everything asked for therein is evidential in character. The comparison demanded will not be required, even if sought by interrogatory, and for a stronger reason should not be required to be incorporated in a pleading. In addition, it may be said that the defendant, having access to complainant's patent claims, may make comparison, element by element, with its own construction as readily as the complainant or its experts can do it.

Touching the first ground of the present motion, somewhat different considerations apply. The authorities reviewed conclusively show that, if this question were raised by demurrer, the bill would be sufficient and the demurrer should be overruled; but under the new equity rule, as well as under the Code practice, a statement may be required of further and better particulars of any matter pleaded, or, in other words, to make definite and certain the statement of any pleading, and this cause is now before me for a consideration of a motion of that character.

In legal contemplation each separate claim is an independent patent, and the invention thereby covered patentable in and of itself. In other words, each claim is supposed to mean something different from the others. The patent in this case contains 10 claims. The defendant's construction may infringe some one or more of these claims, but it is not probable that it infringes all of them. The complainant knows, or should know, which of these separate claims are infringed; and it is therefore proper, in the interest of greater certainty and definiteness, that it be required to specify which of the ten claims it intends to rely on—in other words, give further and better particulars of the matter of infringement contained in its pleading.

This is as much as can be required of the complainant, as I understand the law. This may or may not inform the defendant exactly what is claimed; it may or may not limit the range of investigation necessary in preparing for trial, or the scope of the testimony at the trial. It is, of course, eminently desirable that counsel should, at all times, be candid with the court, and not bring forward unfounded claims, nor incumber the record with irrelevant and immaterial testimony. I am not unmindful, however, of the hazards and difficulties of forcing counsel in the advance stages of a lawsuit to determine with unerring certainty the items of evidence required to prove the ultimate facts. The relevancy of testimony is always a matter for the court, and counsel can scarcely be expected to rule too closely against their clients in advance of the court's ruling, or the full disclosure of their adversary's position. In Todd v. Whitaker (D. C.) 217 Fed.

320, Dickinson, District Judge, suggests a resort to the procedure provided by equity rule 48 (198 Fed. xxxi, 115 C. C. A. xxxi) as an appropriate means to obtain this full disclosure of each party's position and claims. A consideration of his suggestion is commended to counsel. But, aside from these considerations, I should not require a pleading conforming to the equity rules to be reformed in conformity to views personal only to myself.

An order may therefore be entered, requiring the complainant to specify within 10 days which claim or claims of the patent in suit it intends to rely upon, and overruling the motion in all other respects. An exception to this ruling may be noted in favor of both complainant and the defendants.