HAVEN (BLANCHARD v.). See Case No. 1,511.

HAVEN (BRONDE v.). See Case No. 1,924.

## Case No. 6,228.

### HAVEN et al. v. BROWN et al.

[6 Fish. Pat. Cas. 413.][1]

Circuit Court, S. D. Ohio. May, 1873.

PATENTS—EQUITY—PARTICULARITY OF—PRACTICE.

Although upon principle, a bill in equity which did not state particulars in infringement would be demurrable, yet the practice of alleging generally that the defendant infringes, without specifying particular claims or particular devices, is now too well settled to be disturbed.

Demurrer to bill in equity. Suit brought [by James L. Haven & Co.] upon letters patent [No. 58,437], for "improvement in bedstead fastenings," granted to John Lemmon, October 2, 1866, assigned to complainants and reissued to them June 14, 1870. The bill, after setting forth the grant, assignment, and reissue of the patent, charged infringement in the following words: "Yet, the said defendants, well knowing the premises and the rights secured to your orators aforesaid, but contriving to injure your orators, and to deprive them of the benefits and advantages which might, and otherwise would, accrue unto them from said invention, since the assignment aforesaid, and after the issuing and reissuing of the letters patent as aforesaid, and before the commencement of this suit, did, as your orators are informed and believe, without the license or allowance, and against the will of your orators, and in violation of their rights, and in infringement of the aforesaid letters patent, reissued and numbered 4,028, unlawfully and wrongfully and in defiance of the rights of your orators, make, construct, use, and vend to others to be used, the said invention, and did make, construct, use, and vend to others to be used, a large number of improved bedstead fastenings, made according to, and employing and containing said invention, and that they still continue so to do; and that they are threatening to make the aforesaid improved bedstead fastenings in large quantities, and to supply the market therewith, and to sell the same." To this the defendants [Philip Y. Brown and others] demurred, showing cause as follows: "That the complainants have not, in their said bill of complaint, alleged how many claims are contained in the said reissued letters patent referred to therein, and have not alleged which of these claims,

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

if any, these respondents are accused of infringing, and by reason of thus not alleging the said matters, these respondents may be compelled to undergo great and unnecessary expense and labor in preparing to defend against said bill of complaint."

Fisher & Duncan, for complainants.
James Moore, for defendants.

SWAYNE, Circuit Justice. The bill in this case is founded upon a patent originally granted to one John Lemmon, and by him assigned to the complainants, who subsequently procured a reissue, upon which the suit is brought. The bill fails to describe the nature of the improvements, either in the language of the specification or in any other way. It merely declares that the patent is for an improvement in bedstead fastenings, and in the same general terms it alleges the infringement of the reissued patent by the defendants.

To this bill the defendants demur, and for cause show that the complainants have not, in their said bill of complaint, alleged how many claims are contained in the said reissued letters patent referred to therein, and have not alleged which of these claims, if any, these respondents are accused of infringing, and by reason of thus not alleging the said matters, these respondents may be compelled to undergo great and unnecessary expense and labor in preparing to defend against said bill of complaint.

The cause set out in the demurrer is perfectly true in point of fact, and the question therefore is, is the bill sufficient to put the defendants to their answer. There is no doubt that, upon the general principles of equity pleading, the bill, in failing to specify the nature of the patented improvement, or of the infringement, is bad, and we should, in the absence of authority, have held it bad upon general demurrer.

But, upon looking into the forms bearing upon this subject, we find in Greenleaf on Evidence (volume 2) a declaration at law which has the same general character as the bill before us, giving no summary of the specification or claim, or pointing out the particulars of infringement. In Curtis' American Precedents, published in 1859, the first edition having been published some thirty years ago, the form given for a bill in equity is of the same general character. In Curtis on Patents (4th Ed. § 406) an elaborate statement is given as to how a bill in equity should be drawn, and the bill in this case conforms to all the requirements there laid down.

The form here used obtains, we believe, throughout the United States, and it is an old remark, founded in good sense, that there is no better evidence of what is a sufficient pleading than a form that has long been used. The form of the bill in the present case rests upon a foundation too deep to be

disturbed. We, therefore, feel bound to hold that the demurrer must on authority, though not on principle, be overruled.