McMILLIN and others *v.* ST. LOUIS & MISS. VALLEY TRANSP. CO.[1]

*(Circuit Court, E. D. Missouri.   October 31, 1883.)*

1. PATENTS—EQUITY JURISDICTION.
    Wherever, during the life of a patent, damages and an injunction are prayed for, in a suit against an infringer, equity has jurisdiction.
2. SAME—PLEADING.
    In a suit for an infringement, it is unnecessary, where profert of the patent is made, to set it out or any part thereof except the title in the bill. Averments in general terms as to invention are sufficient.
3. SAME—ALLEGATION OF INFRINGEMENT.
    A statement "that the defendant is now constructing, using, and selling steam-power capstans, for vessels, in some parts thereof substantially the same in construction and operation as in the said letters patent mentioned," is a sufficient allegation of an infringement.

. Reported by Benj. F. Rex, Esq., of the St. Louis bar.

In Equity.    Demurrer to the bill.

The bill prays for damages and an injunction.  The life of the patent sued on has not expired.  The remaining facts sufficiently appear from the opinion.

*Paul Bakewell,* for complainants.

*Given Campbell* and *Parkinson & Parkinson,* for defendant.

TREAT, J.  There is a demurrer in this and several other cases, all pertaining to the same question.  The contention as to the first point is that the decision of the United States supreme court (*Root* v. *Ry. Co.* 105 U. S. 180) establishes the doctrine that where a patentee seeks for the use of his patent merely a stipulated royalty or license, he cannot proceed in equity for an infringement.  That case was where damages were sought to be recovered for an infringement made against an expired patent before the expiration thereof.  It does not, nor does any other case known to the court, oust equity of jurisdiction against an infringer where injunction is sought pending the life of the patent.  Hence, the demurrer as to that point is not well taken.

The second point is as to the insufficiency of the bill for defective description of this patent and the alleged infringement.  The only description in the bill is that Mr. McMillin "was the true, original, and first inventor of a certain new and useful improved application of steam-power to the capstan of vessels, not known or used before."  The bill further states "that a description or specification of the aforesaid improvement was given in his schedule to the aforesaid letters patent annexed, accompanied by certain drawings referred to in said last-mentioned schedule, and forming parts of said letters patent.  The said letters patent, and the said specification thereto annexed, (which, or an exemplified copy of which, your orators will produce, as your honors may direct,) were duly recorded in the patent office."  The allegations as to infringement are: "That the defendant is now constructing, using, and selling steam-power capstans for vessels *in some parts thereof* substantially the same in construction and operation as in the said letters patent mentioned."

References have been made to a large number of decided cases wherein it has been held unnecessary to set out in the bill the *specifications,* etc., of the patent of which profert has been made, the title having been distinctly stated.  No well-considered case, however, goes to the length of declaring that there should not be brought into the bill, in some clear and distinct manner, a description, at least in general terms, of the nature and extent of the invention.  The patent might have been for a mechanical device, a combination of devices, a product, a process, etc.

How, then, is the court to determine, under an allegation, as in this case, that defendant has used, etc., "some parts" of plaintiff's patent, what the case is?  If the patent relied on is a combination patent, and the patent is referred to in general terms, is it sufficiently

described by. reference to the patent? To such rulings assent must be given by force of authority. Adjudged cases and text-books permit the averments of the bill to be in general terms as to the invention, reciting the title of the patent merely, and making profert of the letters patent. This court yields to the weight of authority and established precedents, although it might rule otherwise were the question presented *de novo*. A defendant in equity ought to be informed fully and clearly as to what is the plaintiff's demand, without being compelled to look at the profert and construe conjecturally the letters, so as to give the plaintiff some supposed right which the plaintiff does not specifically aver. How it arises that such departures from ordinary rules of pleading were passed into settled formulas it is useless to discuss; for it must suffice that the plaintiff has pursued established rules, to which this court defers. The demurrer will be overruled, and the defendant ordered to answer to next rule-day, with leave to plaintiffs to file replication forthwith.