## McCOY v. NELSON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

Argued April 22, 1887. — Decided May 2, 1887.

A bill in equity for the infringement of letters-patent for an invention *held*, on a general demurrer, to be in proper form; and the requisites of such a bill considered.

BILL in equity for the infringement of letters-patent. The bill was dismissed on general demurrer. The case is stated in the opinion of the court.

*Mr. Leigh Robinson* for appellant.

No appearance for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a bill in equity, filed in the Circuit Court of the United States for the District of Colorado, by George C. Mc Coy against Frederick Nelson, for the infringement of letters-patent of the United States, No. 254,993, granted to McCoy, March 14, 1882, for an "improvement in boots." The bill sets forth a copy of the patent, and of its specification and drawings, at length. The defendant interposed a general demurrer to the bill, for want of equity, specifying no grounds of demurrer. The court sustained the demurrer and entered a decree dismissing the bill, from which the plaintiff has appealed.

We are not furnished with a copy of any opinion of the Circuit Court, nor with any brief from the appellee, and the case was not orally argued on his part. We are left, therefore, without information as to the grounds upon which the demurrer was sustained.

The bill alleges that the plaintiff "is the original and first inventor of a new and useful improvement and invention in boots, which are fully and particularly described in the letters-patent hereinafter mentioned, and which had not been known or used before his said invention." It then sets out that he applied for and obtained the patent. The patent states, on its face, that he has applied for a patent "for an alleged new and useful improvement in boots, a description of which invention is contained in the specifications, of which a copy is hereto annexed and made a part hereof." The patent grants to him, his heirs or assigns, for seventeen years from its date, "the exclusive right to make and vend the said invention throughout the United States and Territories." The specification states that he has "invented a new and improved boot, of which the following is a full, clear and exact description." It says: "The object of my invention is the production of a boot of novel and improved construction, as herein-

after described and claimed." It refers to seven figures of drawings which accompany the specification, one of which "is a perspective view of my improved boot." It states that "the sole and heel of the boot are of ordinary form, and the upper and counter may be secured to the sole by any of the well-known and common means." It then describes the vamp, the quarters which form the leg, the mode of sewing the quarters together, the hooks and holes for lacing and the lacing device, and the strip secured over the front seam, and the leather tongue which closes the opening in front in the main material of the leg and is itself secured to the leg pieces or quarters and the vamp. The claim is as follows: "Having thus described my invention, I claim as new, and desire to secure by letters-patent, the herein-described boot, consisting of the vamp B, the quarters $d$, sewed together in the back, and a short distance in front from the top down, and provided with the hooks $e$, holes $i$, and a suitable lacing device, the strip $f$, secured over the said front seam, and the tongue G, secured to the said leg pieces and vamp, substantially as set forth." The bill then alleges that the plaintiff was and is the owner of the patent; that he has invested and expended large sums of money for the purpose of carrying on the business of making and selling boots containing the invention; that the invention has been of great utility; that boots were made according to it, and containing it, and sold by him, to the great advantage of the public; that the public have generally acknowledged and acquiesced in the validity of the patent and in his rights; that the defendant has manufactured, used and vended to others to be used, boots containing and embracing the invention, in the District of Colorado, without the license of the plaintiff, and in violation of his rights, and in infringement of the patent, with full knowledge of those rights, and to the injury of the plaintiff, whereby he has been and still is being deprived of profits which he otherwise would have obtained; and that the defendant has made and sold large quantities of said boots, and is still engaged in selling the same, and has a large quantity thereof on hand, which he is offering for sale, and has made large profits from such sales. The bill prays

for an answer on oath; and that the defendant may account for and pay to the plaintiff the profits acquired by the defendant, and the damages suffered by the plaintiff, from the unlawful acts of the defendant. It also prays for an injunction.

Groping in the dark and grappling with shadows, we are unable to perceive the objection to this bill. The brief of the appellant does not state upon what ground it is understood the court below proceeded. If it be suggested that the claim of the patent is for the boot described, and that the bill merely alleges that the defendant has made, used and sold boots containing and embracing the invention covered by the patent, instead of alleging that the defendant has made, used and sold the invention or the patented boot, we are of opinion that there is no force in the objection. If the boot made, used and sold by the defendant is not a boot consisting substantially of the parts mentioned in the claim of the patent, it does not infringe the patent, and is not, in judgment of law, a boot containing and embracing the invention, in the language of the bill. Although the claim of the patent is a claim to the described boot, consisting of the elements specified, the invention patented is an "improvement in boots," as stated in the patent, and any boot which contains that improvement, according to the terms of the claim, infringes the patent and is a boot containing and embracing the invention patented. The bill is entirely sufficient to put the defendant upon his answer, and the rights of the parties will be properly and adequately adjusted in the further proceedings in the cause. The bill is in accordance with approved precedents, and is in the usual form.

The patent having been issued fifteen months before the bill was filed, and having nearly sixteen years then to run, and the bill alleging that the public have generally acknowledged and acquiesced in the validity of the patent, and that the invention has been put in practice by the plaintiff, and has been of great utility, it was not necessary to show a recovery at law, to warrant jurisdiction in equity, for an injunction and an account. *Root* v. *Railway Co.*, 105 U. S. 189, 205.

*The decree of the Circuit Court is reversed, and the case is remanded to that court, with a direction to take such further proceedings as shall be in conformity with this opinion.*