AMERICAN CABLE RY. CO. *v.* MAYOR, ETC., OF THE CITY OF NEW YORK *et al.*

*(Circuit Court, S. D. New York. April 14, 1890.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—PLEADING.
    Under Rev. St. U. S. § 4886, which provides for patents for inventions which have not been known or used by others in this country, and not patented or described in any printed publication in this or any foreign country, and not in public use or on sale for more than two years before the application, a bill for injunction which alleges that the patentee was the original inventor of the patented improvement, which had not been patented to himself or to others with his knowledge or consent in any country, and had not, to his or the orator's knowledge, been in pub-

lic use or on sale in the United States for more than two years before his application for patent, and had not ever been known or used or described in any printed publication in this or any foreign country before his application, sufficiently shows the patentability of the invention.

In Equity.   On demurrer to bill.
*Chas. Howard Williams,* for complainant.
*William N. Dykman,* for defendants.

SHIPMAN, J.   This is a general demurrer to the complainant's bill in equity to restrain the infringement of letters patent.

The bill alleges that the patentee was the original, first, and sole inventor of a certain new and useful improvement in the construction of cable railways, fully described in the specification of the said letters patent, which had not been patented to himself or to others, with his knowledge or consent, in any country, and had not, to his or the orator's knowledge, been in public use or on sale in the United States for more than two years prior to his said application for letters patent, and had not ever been known or used or described in any printed publication in this or any foreign country prior to his invention and discovery thereof, and application for letters patent of the United States therefor.   The grounds of demurrer which were stated on the argument are—*First,* that there is no averment that the invention had not been patented in this or any foreign country before the date of the invention, but that it is simply alleged that it had not been patented with his knowledge or consent, which is an immaterial matter, and is not the fact which is required by section 4886; and, *secondly,* that the allegation in regard to public use or sale prior to the application is simply that the improvement had not been in such use to the patentee's or the complainant's knowledge, which is also an immaterial matter.   Section 4886 is as follows:

"Any person who has invented or discovered any new and useful * * * improvement thereof, not known or used by others in this country, and not patented or described in any printed publication in this or any foreign country, before his invention or discovery thereof, and not in public use or on sale for more than two years prior to his application, unless the same is proved to have been abandoned, may * * * obtain a patent therefor."

The averments do not use the language of the statute, and are not in the customary form, and some of them are open to the objections which have been urged by the defendants; but, when all the averments are taken together, I think that they state, in an informal way, the facts which are prerequisites to a valid patent.   The bill alleges that the patentee was the original and first inventor of the subsequently described new and useful improvement, which had never, prior to his invention thereof, been known or used or described in any printed publication in this or any foreign country.   This averment is equivalent to one formally saying that the invention had not been known or used by others in this country, and had not been patented or described in print in this or a foreign country; for, if it had never been known by anybody in this or any other country before the date of the invention, it could not have been patented.

The bill also alleges that the improvement had not been, to the patentee's or the orator's knowledge, in public use or on sale in the United States for more than two years prior to the application for letters patent, and had never been known or used in this country prior to the application. This is an express averment that it had never been in public use for any time before the application; and, if it had never been known by anybody before the application, it could not have been on sale, for the manufacture and presentation of an invention in the market creates a knowledge which is inconsistent with the averment that nobody knew of its existence. The pleader would have made a more simple and more neat paragraph if he had followed the language of the statute, but I think that his averments are adequate, and they apparently comply with one averments which were regarded as sufficient in *McCoy* v. *Nelson*, 121 U. S. 484, 7 Sup. Ct. Rep. 1000.

The demurrer is not sustained.