MORTON TRUST CO. et al. v. AMERICAN CAR & FOUNDRY CO.

(Circuit Court of Appeals, Third Circuit. May 13, 1904.)

No. 18.

1. PATENTS—SUIT FOR INFRINGEMENT—PLEADING.
Where a bill charges infringement of a patent generally, in accordance with the approved practice, it may be construed to charge infringement of all the claims; and, unless under very exceptional circumstances, the complainant cannot be required to amend by specifying the claims with respect to which infringement is claimed and the parts of defendant's structure which are claimed to infringe.

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 121 Fed. 132.

John R. Bennett, for appellants.

Paul Bakewell, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This is an appeal from a decree in equity dismissing the bill of complaint upon the ground that the plaintiffs had failed to comply with an order of the court requiring them within 30 days to "specify the particular parts of the defendants' car or car construction that are relied upon as infringements of the patent in suit, and the several claims which they are alleged to infringe." The suit was for the infringement of letters patent No. 584,709, for an "improvement in metallic cars," granted to Charles T. Schoen. In the introductory part of the specification are these statements:

"This invention relates, stated generally, to the construction of a railway car, and, stated specifically, to the construction of a pressed steel hopper-bottom car. The invention comprises a number of details of construction, such as the under frame and its sills, the draft-gear, the body-bolster, the bottom, the doors for the bottom, the supports for the bottom, the sides and ends, the stakes and corner-posts, and other parts and combinations of parts, as hereinafter more particularly set forth and claimed."

Then follows a detailed description of the invention. The claims are 28 in number.

The bill is in the usual form, and contains the usual allegations in an infringement suit, and the usual prayers for relief. Infringement by the defendant company is charged thus:

"And so it is, may it please your honors, that the said defendant, as your orators are informed and believe, and therefore aver, well knowing the premises, and without the license of your orators, against their will and in violation of their rights, and to their very great damage and irreparable injury, has manufactured, sold, and used metallic cars, and sold such cars to others to use, substantially as set forth in the said letters patent No. 584,709, and claimed in the claims thereof, and that it has threatened and intends to continue to so manufacture, sell, and use, and sell to others to use, metallic cars embodying

¶ 1. Pleading in patent infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

See Patents, vol. 38, Cent. Dig. § 511.

the invention and method of the claims of the said letters patent No. 584,709 within the United States, all of which is in violation and infringement of the said letters patent No. 584,709, and of the claims thereof, and your orators' rights in the premises."

The averment of infringement was clearly sufficient, according to the approved practice in patent causes. 3 Robinson on Patents, p. 430, § 1106; Thatcher Heating Co. v. Carbon Stove Co., 4 Ban. & A. 68. The defendant, however, presented to the court a petition concluding with the following motion:

"Defendant moves your honors to make an order in this cause requiring the complainants, within a time to be appointed by this court, to amend their bill of complaint in order to specify in and by the same the particular claim or claims of said Schoen patent, No. 584,709, of June 15, 1897, with respect to which complainants charge infringement by the defendant in this cause, and that, after complainants have so amended their bill of complaint, defendant have at least thirty days within which to file its answer or other pleading in this cause; and defendant prays for such other and further order in the premises as to this court may seem meet, and which may be in accordance with the principles of equity and good conscience."

Thereupon the court made the order above mentioned. It will be observed that in its order the court went beyond the defendant's specific prayer, for it not only required the plaintiffs to specify the several claims which they alleged the defendant infringed, but also "the particular parts of the defendants' car or car construction that are relied upon as infringements of the patent in suit."

In some rare instances where the cases seem to have been exceptional, the plaintiff in an infringement suit has been required to specify in limine the claims relied on, but there is no precedent in this circuit for such an order. Applications therefor were denied by the Circuit Court for the Eastern District of Pennsylvania in Johnson v. Columbia Phonograph Co. and Johnson v. National Graphophone Co., 106 Fed. 319. We are not convinced that in the present case there are any special reasons for a departure from the usual practice. Moreover, the charging clause of this bill recited above, we think, imports infringement of all the claims of the patent in suit. The invention of this patent covers a number of details of construction of the described railway car, and there might well be infringement of all the claims. As we have seen, however, the order made by the court below required the plaintiffs not only to specify the several claims alleged to be infringed, but also the particular parts of the defendant's car or car construction that are relied upon as infringements of the patent. In its scope the order goes beyond any precedent known to us. Compliance with the order would require definite knowledge of the defendant's car construction. It does not appear, and we think it ought not to be presumed, that the plaintiffs have had such an opportunity to inspect all the parts of the defendant's car as would enable them to specify the extent and character of the defendant's infringement with the particularity enjoined by the order. On the other hand, there is no hardship that we can see in calling upon the defendant to answer the charge of infringement contained in this bill. The defendant has before it, or is entitled to have before it, the patent sued on, and upon an inspection of the patent can see whether its construction is the same as or different from that of the

patent. We are far from satisfied that the trial of patent causes would be expedited, or the records therein abbreviated, by the adoption of the new practice contemplated by the order in question.

We cannot agree with the contention of the appellee that the court has no jurisdiction of this appeal, and therefore should dismiss it. The order complained of was not simply one of judicial discretion. But furthermore the appeal is not from the interlocutory order, but from the final decree of the court dismissing the bill for failure to comply with the order.

The decree of the Circuit Court dismissing the bill of complaint is reversed, and the cause is remanded to that court, with direction to reinstate the bill, and for further proceedings thereon in conformity with the views expressed in this opinion.