### LUTEN v. SHARP et al.

#### (District Court, D. Kansas, Second Division. October 21, 1912.)

#### No. 1,356.

PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—PLEADING.

    Under the recognized practice in patent cases, in a bill for infringement of several patents, a general allegation of their infringement collectively is sufficient.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

In Equity. Suit by Daniel B. Luten against Walter Sharp and others. On demurrer to bill. Overruled.

Russell T. McFall, of Indianapolis, Ind., for complainant.
S. A. Smith, of Winfield, Kan., for defendants.

POLLOCK, District Judge. The bill in this case presents some nine separate letters patent owned by complainant, covering the process of constructing reinforced concrete work, and prays injunction

against defendants restraining them from infringing the claims of said patents, for an accounting, etc. Defendants have demurred to the bill.

The precise point relied on by defendants at the argument in support of their demurrer, now that copies of said letters patent have been filed with the bill, is that the acts done by defendants, averred to constitute infringement of complainant's rights secured by his letters patent, are not set forth with particularity. On the contrary, the bill charges infringement by defendants in general language only in a paragraph thereof, as follows:

"And your orator further shows to your honors, on information and belief, that the defendants herein, well knowing the premises and the rights and privileges secured unto your orator, and continuing to injure your orator and deprive him of the profits, benefits, and advantages which might and would otherwise accrue to him from the said letters patent Nos. 830,483, 852,970, 853,183, 853,203, 853,204, 979,776, 989,272, 999,663, and 933,771, and from the use of the inventions set forth therein, since the issuance thereof and the acquirement of the title thereto by your orator, within six years last past, and before the commencement of this suit, have, without license and authority, against the will of your orator, and in violation of your orator's rights, and in infringement of the aforesaid letters patent Nos. 830,483, 852,970, 853,183, 853,203, 853,204, 979,776, 989,272, 999,663, and 933,771, at Cowley county, in the district of Kansas, knowingly and willfully constructed and sold, or caused to be constructed, used, and sold, a bridge or structure comprising one 40-foot and one 20-foot span over Grouse creek, at what is known as 'Darst Ford,' in section 13, township 33, range 6, in said Cowley county, by the practice of and in accordance with and containing the improvements and inventions described and claimed in said letters patent Nos. 830,483, 852,970, 853,183, 853,203, 853,204, 979,776, 989,272, 999,663, and 933,771, or material or essential parts thereof, all as recited in the claims thereof, but to what extent the defendants have made use of said invention or improvements described and claimed in said letters patent Nos. 830,483, 852,970, 853,183, 853,203, 853,204, 979,776, 989,272, 999,663, and 933,771, your orator does not know, and prays a discovery thereof."

Whatsoever the principles of good pleading would seem to require in such a case, it appears settled infringement of rights secured by letters patent may properly be so charged, and a demurrer based on such ground will not lie. In American Bell Tel. Co. v. Southern Tel. Co., 34 Fed. 803, the late Justice Brewer, when at the circuit, delivering the opinion, said:

"Whatever might be the decision if the matter was open to question, the practice is very general in bills in patent cases to simply aver that the defendant has infringed. * * * So, while as a matter of principle it may not be so easy to sustain this practice, yet, in view of the great weight of authority as to the form of pleadings that are sufficient in patent cases, this objection must also be held not well taken, and the special demurrer will be overruled. Pitts v. Whitman, 2 Story, 609 [Fed. Cas. No. 11,196]; Turrell v. Cammerrer, 3 Fish. Pat. Cas. 462 [Fed. Cas. No. 14,266]; Haven v. Brown, 6 Fish. Pat. Cas. 413 [Fed. Cas. No. 6,228]; McMillan v. Transportation Co. [C. C.] 18 Fed. 260; McCoy v. Nelson, 121 U. S. 484, 7 Sup. Ct. 1000 [30 L. Ed. 1017]."

It follows, the demurrer must be overruled. Defendants, if so advised by their solicitors, may answer the bill on or before the December rules.

It is so ordered.