GIMBEL BROS., Inc., v. ADAMS EXPRESS CO.

(District Court, E. D. Pennsylvania.   October 16, 1914.)

No. 3140.

1. PLEADING (§ 49*)—STATEMENT OF CLAIM.
      It is permissible for a plaintiff to so state the facts in his statement of claim as to leave him free to evolve any theory at the trial which is supported by them.
      [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 107–111; Dec. Dig. § 49.*]

2. PLEADING (§ 316*) — RULE FOR BILL OF PARTICULARS — DISCRETION OF COURT.
      A rule for a bill of particulars is an appeal to the discretion of the court, and this appeal will be granted or refused according. to the circumstances.
      [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 951; Dec. Dig. § 316.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to .date, & Rep'r Indexes

At Law. Action by Gimbel Bros., Incorporated, against the Adams Express Company. On rule for more specific statement. Rule discharged.

Morton Z. Paul and Wm. A. Glasgow, Jr., both of Philadelphia, Pa., for plaintiff.

John Lewis Evans and Thomas De Witt Cuyler, both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. [1, 2] At the argument of this case at bar the offer was made by the plaintiff to join with the defendant in the work of making a comparison of the records of all shipments involved in the present contention, with a view to reach an agreement upon the uncontested facts. If this is done, the defendant will have all the information which could be given by the fullest and most elaborate bill of particulars which could possibly be filed in the case, and the anticipated labors of the court and of the jury be very much curtailed at the trial. The present rule has, in the judgment of the court, no other bearing than that of answering to the functions of a rule for a bill of particulars. We cannot subscribe to the proposition that a plaintiff can be compelled to attempt to forecast, with absolute accuracy, the theory of either the law or the facts which he will be finally compelled to unfold at the trial. If he was so compelled and did not accurately forecast the theories, both of law and of fact, which he finally at the trial determines to be the true ones, he would be driven to an amendment of his pleadings. It is permissible for him to so state the facts as to leave him free to evolve any theory at the trial which is supported by them. The practical conditions of the trial compel him eventually to make an election among the possible theories on which the case may be tried, but he is under no compulsion to make his election in advance of the trial. A rule for a bill of particulars is an appeal to the discretion of the court, and this appeal will be granted or refused according to the circumstances. No necessity now exists for requiring the plaintiff to give to the defendant the information of which it was suggested at the argument it is in need, because apparently the whole field of information is within its reach.

The rule for a more specific statement is therefore discharged, with leave to the defendant to make a further application should need for information arise.