## GRAND RAPIDS SHOWCASE CO. v. STRAUS et al.

(District Court, S. D. New York. December 13, 1915.)

PATENTS ⊙325—SUIT FOR INFRINGEMENT—PROCEDURE.

Where the defendant in an infringement suit pleads a large number of patents as anticipations, he will be required, on application of complainant, to file a bill of particulars specifying which of such patents he seriously relies on, under penalty of being taxed with the costs, whether successful or not, in case it appears that he has not complied with the order honestly and in good faith.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 607–612; Dec. Dig. ⊙325.]

In Equity. Suit by the Grand Rapids Showcase Company against Jesse I. Straus and others. On motion by complainant for bill of particulars. Motion granted.

This is a motion made by the plaintiff for a bill of particulars of the defendants' defense. The cause is the regular suit in equity for an infringement of a patent, and the defendants set up in their answer by way of anticipation between 40 and 50 patents under the following allegation: That the patentees were not the original inventors, but that, on the contrary, prior to their supposed invention, the thing patented had been described in each of the following letters patent: Then followed 36 United States patents and 5 British patents. Later the defendants added by an order 2 more United States patents, and again 8 more, so that in all the answer contains as anticipations 46 United States patents and 5 foreign patents. Correspondence between the parties ensued, and the defendants eventually, at the request of the plaintiff, gave the plaintiff a list of 30 United States patents in all, which they said they should refer to upon the trial of the case, but which list was given without prejudice to their right to include additional patents. This motion is to compel the defendants to state which of the 30 patents so disclosed they mean to rely on. It is therefore by way of further particularization of the defendants' actual intention.

Nathan Heard and Maurice M. Moore, both of Boston, Mass., for plaintiff.

Charles S. Jones, of New York City, for defendants.

LEARNED HAND, District Judge (after stating the facts as above). It is of much importance, if possible, to get the practice in this respect into a clearer condition than it is at present, and for uniformity this decision has been made after consultation with all of the judges in this district and bears their approval. The plaintiff is not concerned with the patents which the defendants mean to put in

to show the prior state of the art. This motion is directed only to compel them to elect which they mean to use as anticipations of the patent. The decision is not to be understood to go further than the facts of the case at bar.

It is impossible under the statute to prevent the defendant from pleading as many patents in anticipation as he desires, but it is obviously preposterous to suppose that the invention has actually been patented by anything like the number of patents here pleaded. I recognize that the question of anticipation is bound up in the question of interpretation and that the defendant must have some latitude until he knows what view the court will take of the plaintiff's invention; but a good excuse should not pardon a bad practice. With every latitude the number of patents which can serve as anticipations must be very limited. It is proper, therefore, for the plaintiff in a case such as this to call on the defendant to declare in advance which patents he seriously contends to be anticipations, and the court will so direct the defendant.

If this order carry no sanction, however, it will not be effective, and the only sanction can be in costs. If, at the conclusion of the case, the judge who tries it is satisfied that the defendants could, without any reasonable danger to themselves, have cut down the patents on which they rely for anticipation below the number given to the plaintiff in response to the order, the court will either deprive the defendants of costs or award costs against defendants, notwithstanding their success. If the plaintiff is successful in the suit, the order can have no sanction; but, as the order will be made before the suit is determined, and as the defendants probably think they will win, the chance of losing the costs should operate as a real motive in their choice. The question whether defendants should be deprived of costs, or whether the plaintiff shall get costs, will depend upon the extent to which the trial judge thinks the defendants have not tried honestly to comply with the terms of the order. If he believes that the defendants' inclusion of too many patents was the result merely of unreasonable timidity, he will deprive defendants of their costs; if he thinks that the defendants were unwilling to make any honest effort, or wished to embarrass the plaintiff's preparation for trial, he will award costs to plaintiff. This practice will be followed by the judges of the Southern district until further notice. Whether the same practice will be followed in respect of patents introduced to show the prior state of the art will remain open until the case is presented.

I may add that I have already noted a number of instances where counsel have frankly and willingly set forth the anticipations upon which they relied. This course has been taken in a spirit of co-operation with the court, to assist in making the present equity rules successful in practice, and I believe the bar will be glad to aid this simplification of equity trials.