GENNERT v. BURKE & JAMES, Inc.

(District Court, S. D. New York. April 17, 1916.)

PATENTS ⊚═292—SUITS FOR INFRINGEMENT—DISCOVERY.

 In a suit for the infringement of a patent, where plaintiff has pointed out the parts of defendant's machine which he claims to be an infringement, he cannot be compelled to point out the elements in his own claim which he charges are infringed, at least not without a showing by defendant that he was in honest doubt as to plaintiff's meaning.

 [Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. ⊚═292.]

In Equity. Suit by Gustav C. Gennert against Burke & James, Incorporated. On motion by the defendant to compel the plaintiff to answer certain interrogatories, which would require plaintiff to state what elements in the defendant's machine he asserts correspond with the several elements in the claim sued on. Motion denied.

Goepel & Goepel, of New York City, for plaintiff.
Clifford E. Dunn, of New York City, for defendant.

LEARNED HAND, District Judge. This is a new question, raised by the effort to establish a practice for the trial of patents in open court which shall sufficiently advise each side of the position of the other. The plaintiff has already pointed out to the defendant what parts of the defendant's machine infringe; but he has not pointed out what part corresponds to each element of each claim, and he now urges in excuse that to do so may be fatal to his success, for, he says, the judge might give him relief and yet upon an interpretation of the claims different from that on which he will go to trial.

Strictly speaking, the motion is wrong in any event, for it does not ask the plaintiff to disclose any evidence in the case, but his own interpretation of the facts. It would more properly, therefore, arise on a motion for a bill of particulars, in which the party is asked to make more definite his position; but I do not wish to dispose of the

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

motion upon so narrow a ground. The substantive question is whether the plaintiff should be compelled so narrowly to disclose what his position will be.

Theoretically, perhaps, there is no good reason why a party should not be compelled to disclose the rationale of his position in the utmost detail, or at least of the alternative positions which he means to take before the court. Practically such a requirement would involve more friction and annoyance than it would be worth in the usual case. After a plaintiff has told what part of the machine he claims to be an infringement, there ought to be usually no difficulty in understanding what he means, without pointing out in what particular part each element is embodied. There may be cases in which the difficulties are so great of knowing the plaintiff's position that such relief would be proper, but that could only be in a case where the defendant showed satisfactorily that he was in honest doubt as to what the plaintiff could mean. No such showing is made in this case.

Motion denied.