UNIVERSAL OIL PRODUCTS CO. v. SKELLY OIL CO.

(District Court, D. Delaware. April 30, 1926.)

No. 582.

**1. Pleading ⊙➞327.**

Bill of particulars is deemed part of or amendment to pleading of which it is an amplification, and must be construed as such.

**2. Courts ⊙➞347—Bills in equity must allege ultimate facts informing defendant of nature of claim, but should not allege conclusions of law or evidence (equity rule 25).**

Bills in equity must be sufficiently specific to inform defendant of nature of claim against him and of what he will be called on to answer, which rule, embodied in equity rule 25, forbids

pleading of conclusions of law on one hand or of evidence on the other, but requires that ultimate facts lying between the two be pleaded.

**3. Courts ⊙➞347—Notwithstanding plaintiff's compliance with requirement that ultimate facts be pleaded, bill of particulars may be required (equity rules 20, 25).**

In view of equity rule 20, a plaintiff, whose complaint has met all requirements of rule 25 requiring pleading of ultimate facts, may nevertheless be required to furnish bill of particulars.

**4. Pleading ⊙➞313—Bill of particulars is not intended to supply allegations essential to cause of action or defense, nor can party be required to disclose opinions, argument, or evidence therein.**

It is not the office of a bill of particulars to supply allegations essential to make out a cause of action or a defense, and party cannot be required therein to set out opinions, arguments, or evidence.

**5. Patents ⊙➞310(1)—Specific steps in processes or parts of apparatus, which plaintiff intends to claim as constituting infringement of patent, may be required in bill of particulars.**

Specific steps in defendant's processes and specific parts or elements of his apparatus, which plaintiff intends to claim constitute infringement, are not evidence nor conclusions, and are matters proper to be required in bill of particulars.

**6. Patents ⊙➞310(1)—Ordering of bill of particulars in patent infringement suit, setting out processes and apparatus relied on as constituting infringement, is within discretion of court.**

In patent infringement suit, whether plaintiff should be required by bill of particulars to set out specific steps in defendant's processes and specific parts or elements of his apparatus which are relied on as constituting infringement is matter within discretion of court.

**7. Patents ⊙➞310(1)—Plaintiff required to furnish bill of particulars setting out processes and apparatus relied on as constituting infringement but not to parallel claims in suit and defendant's steps (equity rules 20, 25, 46, 58).**

Plaintiff in patent infringement suit, to whom defendant voluntarily afforded opportunity to make a complete investigation of its plant, processes, and apparatus, *held* required, under equity rules 20, 25, 46, 58, to file bill of particulars setting out processes and apparatus relied on as constituting infringement, but not to match or parallel the claims in suit and defendant's steps, as that would be a pleading of evidence.

**8. Patents ⊙➞229.**

Plaintiff in patent infringement suit, to recover, must prove that each step of process claim for example is matched by like steps employed by defendant.

**9. Equity ⊙➞143.**

Certainty to common intent is most that is ordinarily required in bills in equity.

In Equity. Patent infringement suit by the Universal Oil Products Company against the Skelly Oil Company. On defendant's motion for a bill of particulars. Motion granted in part.

Thomas G. Haight, of Jersey City, N. J., and Ward, Gray & Ward, of Wilmington, Del., for plaintiff.

William H. Davis and Frank E. Barrows (of Pennie, Davis, Marvin & Edmonds), both of New York City, W. P. Z. German, of Tulsa, Okl., and James H. Hughes, Jr. (of Marvel, Marvel, Layton & Hughes), of Wilmington, Del., for defendant.

MORRIS, District Judge. Universal Oil Products Company filed its bill of complaint against Skelly Oil Company for infringement of specified claims of United States letters patent Nos. 1,281,884, 1,484,445, 1,517,-830, 1,525,281, and 1,534,927. The allegation of infringement is the general one—"that * * * the * * * defendant * * * did unlawfully and wrongfully practice the inventions of said letters patent and each of them described and claimed in the claims thereof. * * * " The defendant, relying upon equity rule 20, the asserted complexity of its processes and apparatus, and an offer made by it to permit the plaintiff, before complying with the order sought, to make a full and complete examination of defendant's plant, processes, and apparatus, now moves for an order requiring the plaintiff to set out in a bill of particulars "(a) the particular step or steps charged to embody each of the steps of each of the process claims relied upon; and (b) the particular element or elements of apparatus which are charged to embody each of the elements of claim 4 of patent No. 1,281,884." The plaintiff opposes the motion upon the ground that an order granting the motion would run counter to the great weight of authority and would be in direct conflict with the decision of the Court of Appeals for this Circuit in Morton Trust Co. v. American Car & Foundry Co., 129 F. 916, 64 C. C. A. 367.

As I understand the motion, it is in effect that the plaintiff be required (1) to set out the specific steps in defendant's processes and the specific parts or elements of defendant's apparatus which constitute the alleged infringement of the process and apparatus claims, respectively, in suit, and (2) to parallel and compare each step of each process claim and each element of the apparatus claim in suit, respectively, with the alleged infringing steps of defendant's processes and with the like parts of its apparatus.

[1, 2] As a bill of particulars is deemed a part of, or an amendment to, the pleading of which it is an amplification, and is construed as though it formed a part of it (Milbank v. Milbank [1900] 1 Ch. 385; Starkweather v. Kittle, 17 Wend. [N. Y.] 20, 21; Chrysler v. James, 1 Hill [N. Y.] 214, 215), the motion of the defendant presents, broadly, the question, With what degree of definiteness and certainty may a plaintiff be required to plead infringement of a patent? The long-standing fundamental rule of pleading embracing all bills in equity is that they must be sufficiently specific to inform the defendant of the nature of the claim made against him and of what he is called upon to answer. Garrett v. Louisville & Nashville R. R., 235 U. S. 308, 35 S. Ct. 32, 59 L. Ed. 242; Story's Equity Pleading, § 241. But this rule forbids the pleading of conclusions of law upon the one hand and of evidence upon the other (save for purposes not necessary here to be considered). Pleading conclusions of law, or, otherwise expressed, conclusions of mixed law and fact, would leave the minor premise of the pleader's syllogism wholly undefined, and furnish to the adversary no guide or information with respect to the facts by which the conclusion is to be supported. To pass to the other extreme and cover in the pleading the wide areas of circumstantial detail in which the case has its roots would make vague the major, as well as the minor, premise of the syllogism, and thus leave the conclusion wandering and uncertain. Plainly, therefore, the facts which must be alleged in order to obtain the benefit of a rule or principle of law are those—termed "ultimate facts"—found in that vaguely defined field lying between the evidential facts on the one side and the primary issue or conclusion of law on the other. See Brumbaugh's Legal Reasoning and Briefing, pp. 65–73, 386, 387. This principle was codified by the Supreme Court (Bayley & Sons, Inc., v. Braunstein Bros. Co. [D. C.] 237 F. 671) in equity rule 25 thus:

"Hereafter it shall be sufficient that a bill in equity shall contain, * * * third, a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence."

A valid bill complying with that rule necessarily alleges every fact and circumstance essential to show a cause of action and to entitle the plaintiff, at least prima facie, to relief. Maxwell Steel Vault Co. v. National Casket Co. (D. C.) 205 F. 515, 525. Yet the Supreme Court promulgated, simul-

taneously with rule 25, another rule, rule 20, which provides:

"A further and better statement of the nature of the claim or defense, or further and better particulars of any matter stated in any pleading, may in any case be ordered, upon such terms, as to costs and otherwise, as may be just."

[3, 4] Consequently, it seems to me, the mere existence of rule 20 is a recognition that a plaintiff, whose bill of complaint has met all the requirements of rule 25, may, nevertheless, in the discretion of the court (Gimbel Bros., Inc., v. Adams Express Co. [D. C.] 217 F. 318), be ordered to supplement his bill by a further and better statement of the nature of his claim. Yet, as it is not the office of a bill of particulars to supply allegations essential to make out a cause of action or a valid defense, and as a party cannot be required in a bill of particulars, any more than in his bill of complaint, to set out his opinions and arguments or to disclose his evidence (Garfield v. Paris, 96 U. S. 557, 24 L. Ed. 821; Clarke v. Ohio River Ry. Co., 39 W. Va. 742, 20 S. E. 699; Tebbetts v. Pickering, 5 Cush. [Mass.] 83, 51 Am. Dec. 48; Richmond & D. R. Co. v. Payne, 86 Va. 481, 10 S. E. 749, 6 L. R. A. 849), it becomes obvious that "evidence" and hence "ultimate facts" are always relative terms (Wigmore on Evidence [2d Ed.] § 2), and that, in the chain of causation leading from remote evidential circumstance to the ultimate fact lying next below the conclusion of law, there may be, and usually are, intermediate facts which, to the end that the adversary may be better apprised of the case he has to meet, a court may, in its discretion properly exercised under the facts, and rule 20, order set out in whole or in part in a bill of particulars. See Wigmore on Evidence (2d Ed.) § 2 (2).

How have these principles been applied with respect to the tort or infringement in patent suits in equity? Infringement is a conclusion of law drawn from the application of a principle of law to establish facts. It is a mixed question of law and fact. California Paving Co. v. Molitor, 113 U. S. 609, 617, 618, 5 S. Ct. 618, 28 L. Ed. 1106. An allegation that the defendant has "manufactured, used, and vended to others to be used, boots containing and embracing the invention, * * * and in infringement of the patent," was held sufficient on a general demurrer. McCoy v. Nelson, 121 U. S. 484, 486, 7 S. Ct. 1000, 1001 (30 L. Ed. 1017). In American Bell Tel. Co. v. Southern Tel. Co. (C. C.) 34 F. 803, which arose on exceptions

12 F.(2d)—18

and special demurrer to the bill, Judge Brewer said:

"On authority, the other objection must also be overruled; that is, the objection that there is simply a general averment that the defendant infringes. It is not so easy to sustain that upon principle, because, as was well stated by counsel here, the exactness and certainty of equity pleadings would seem very properly to require that, instead of a simple averment that the defendant has infringed, particularly in a case where a patent covers many claims—in this case also covering both a process and an apparatus—it would narrow the inquiry if the averments were made specific that the infringement was in reference to one claim, and not in reference to the rest. Still, whatever might be the decision if the matter was open to question, the practice is very general in bills in patent cases to simply aver that the defendant has infringed. * * * So, while as a matter of principle it may not be so easy to sustain this practice, yet, in view of the great weight of authority as to the form of pleadings that are sufficient in patent cases, this objection must also be held not well taken, and the special demurrer will be overruled. Pitts v. Whitman, 2 Story, 609 [Fed. Cas. No. 11196]; Turrell v. Cammerrer, 3 Fish. Pat. Cas. 462 [Fed. Cas. No. 14266]; Haven v. Brown, 6 Fish. Pat. Cas. 413 [Fed. Cas. No. 6228]; McMillan [McMillin] v. Transportation Co. [C. C.] 18 F. 260; McCoy v. Nelson, 121 U. S. 484, 7 S. Ct. 1000 [30 L. Ed. 1017]."

The Court of Appeals for this circuit held, in Morton Trust Co. v. American Car & Foundry Co., 129 F. 916, 64 C. C. A. 367, that a bill stating that defendant "has manufactured, sold, and used metallic cars, * * * in violation and infringement of the said letters patent No. 584,709 and of the claims thereof," should be construed, in accordance with the approved practice in patent cases, to charge infringement of all the claims, and that, save under exceptional circumstances, a complainant so alleging cannot be required to specify, by amendment, the claims with respect to which infringement is to be urged, or the parts of defendant's structure which are claimed to infringe. Referring to the portion of the order of the District Court which directed the complainant to specify "the particular parts of the defendant's car or car construction that are relied upon as infringements of the patent in suit," Judge Acheson said:

"In its scope the order goes beyond any precedent known to us. Compliance with

the order would require definite knowledge of the defendant's car construction. It does not appear, and we think it ought not to be presumed, that the plaintiffs have had such an opportunity to inspect all the parts of the defendant's car as would enable them to specify the extent and character of the defendant's infringement with the particularity enjoined by the order. On the other hand, there is no hardship that we can see in calling upon the defendant to answer the charge of infringement contained in this bill. The defendant has before it, or is entitled to have before it, the patent sued on, and upon an inspection of the patent can see whether its construction is the same as or different from that of the patent. We are far from satisfied that the trial of patent causes would be expedited, or. the records therein abbreviated, by the adoption of the new practice contemplated by the order in question."

Though equity rule 20 neither increased nor diminished the degree of definiteness and certainty with which a complainant may be required to set out in his pleadings the right upon which he relies and the injury thereto of which he complains, but merely changed the method or procedure whereby the required definiteness and certainty may be had, yet, since the promulgation of the new rules the tendency of litigants to press their adversaries for greater particularity, to the end that the issues may be more clearly defined before trial and unnecessary expense of preparation and surprise at the trial thereby avoided, has apparently greatly increased. Moreover, since new rule 46 requires that trials in equity be had in open court, where the presentation of the evidence of each party follows, ordinarily, immediately upon the close of the adversary's case, and as the demands upon the time of the courts have so greatly increased, the judicial tendency under the new rules seems to have been towards the requirement of greater certainty in pleading and full preliminary discovery of facts under the provisions of rule 58. Bills of particulars setting out the claims to be relied upon (Bonney Supply Co. v. Heltzel [D. C.] 243 F. 399), and the patents to be depended on as anticipations (Grand Rapids Showcase Co. v. Straus [D. C.] 229 F. 199; A. B. Dick Co. v. Underwood Typewriter Co. [D. C.] 235 F. 300) have now been ordered. In this district these facts are now either set out in the original pleading or voluntarily supplied upon request. In Gennert v. Burke & James, Inc. (D. C.) 231 F. 998, the parts of defendant's machine relied upon as infringements were set out.

[5-7] The specific steps in processes of a defendant, and the specific parts or elements of his apparatus which a plaintiff intends to claim constitute infringement of the patents sued upon, are not, I think, evidence within the meaning of that term as used in the rule that matters of evidence are never required to be stated in a bill of particulars. See Garfield v. Paris, 96 U. S. 557, 24 L. Ed. 821. Nor are they conclusions of law and fact. Hence they are facts of a character proper to be set out in a bill of particulars. Whether they should be required to be .so set out is a matter calling for the exercise of judicial discretion. Gimbel Bros., Inc., v. Adams Express Co. (D. C.) 217 F. 318. How that discretion shall be exercised depends, as I see it, upon the application, in the light of the earlier as well as the more recent decisions and practice and the reasons therefor, of the rules of law relating to definiteness and certainty in pleading in patent cases to the facts of the particular case. The determinative facts of this case are, I think, the opportunity of the plaintiff, *voluntarily afforded by the defendant,* now to make a full and complete examination of defendant's plant, processes, and apparatus; the character and number of the patents in suit; the obvious advantages in the way of a saving in time and expense that would inure to the defendant as a result of having, before being required to plead or prepare for trial, a statement of the specific steps in its processes and the specific parts of its apparatus that are to be relied upon as the facts constituting the alleged infringement; the apparent absence of any prejudice that plaintiff would suffer as a result of supplying the defendant with those facts, and the order made for like particulars in Standard Oil Co. v. Roxana Petroleum Co. (S. D. Ill.) 9 F.(2d) 453, of January 3, 1924 and a similar order in Standard Oil Co. v. Universal Oil Products Co., plaintiff herein (N. D. Ill.) —— F.(2d) ——,[1] wherein the patents sued upon were, as here, for the use of processes for refining crude oil.

In view of these facts, which are exceptional and which therefore distinguish (if, in the light of changed conditions, it needs to be distinguished) this case from that of Morton Trust Co. v. American Car & Foundry Co., supra, the plaintiff will be ordered to file a bill of particulars setting out the steps in the processes of the defendant that the plaintiff will rely upon at the trial to establish infringement by the defendant of the process claims in suit, and also setting out the parts or elements of defendant's apparatus that

---

[1] Opinion not available, but see Table of Cases in subsequent volumes.

the plaintiff will rely upon at the trial to establish infringement of the apparatus claims. The particulars to be set out need not be classified to correspond with the steps and elements of the several claims in suit, but the alleged infringing steps of defendant's processes may be stated collectively as one group, and the alleged infringing elements of defendant's apparatus may be stated collectively as another group. The evidence to be given upon an accounting, if an accounting be had, will, of course, not be limited or restricted by the particulars filed. Minerals Separation v. Miami Copper Co. (D. C.) 264 F. 528.

The defendant, however, by its motion, likewise seeks to have plaintiff, in its bill of particulars, parallel and compare each step of each process claim and each element of the apparatus claim in suit, respectively, with the alleged infringing steps of defendant's processes and with the like parts of its apparatus. Information of the same character was sought, usually through interrogatories, in Bonney Supply Co. v. Heltzel (D. C.) 243 F. 399; Batdorf v. Sattley Coin Handling Machine Co. (D. C.) 238 F. 925; Luten v. Camp (D. C.) 221 F. 424; Hartford v. Cleveland Automobile Co. (D. C.) 275 F. 590; Rodman Chemical Co. v. E. F. Houghton Co. (D. C.) 233 F. 470; and Gennert v. Burke & James, Inc. (D. C.) 231 F. 998. In each instance the court refused to make the order, although in the Gennert Case Judge Learned Hand stated that "there may be cases in which the difficulties are so great of knowing the plaintiff's position that such relief would be proper, but that could only be in a case where the defendant showed satisfactorily that he was in honest doubt as to what the plaintiff could mean." The grounds of refusal were that to supply the information sought would require the party to set forth his evidence or to construe as well as apply the claims in suit, and hence to state opinions and conclusions of law and fact instead of facts.

The defendant, however, relies upon Standard Oil Co. v. Roxana Petroleum Co., supra, in which, upon the ground that the information sought consisted of ultimate facts, the plaintiff was ordered to file a bill of particulars stating specifically "which of the various processes used by defendant does complainant claim and charge infringes each of the claims of the letters patent in suit, and by what specific elements each step of said process is performed in defendant's appara-tus." The defendant likewise relies upon Standard Oil Co. v. Universal Oil Products Co., supra, in which, upon application of the defendant, who is the plaintiff in the present suit, a like order was made.

[8] To obtain a decree upon any claim of any patent in suit the plaintiff must, of course, prove and establish that, in a process claim for example, each step thereof is matched by like steps employed by the defendant. Whether the steps employed by the defendant in its process are the steps of plaintiff's claim is a question of mixed law and fact. Yet, to match or parallel, in a pleading, the steps of the claims in suit and defendant's steps is not to plead conclusions of law, for, as I understand the matter, the prohibition against pleading a conclusion of law is directed against pleading the main or primary conclusion, only, which a plaintiff seeks to have drawn by the court. In this case the primary concept or conclusion of law involved is that of infringement. The prohibition does not apply, at least generally, to subconcepts. The law holds that certainty is more easily conserved by pleading these group ideas as composite units. Brumbaugh's Legal Reasoning and Briefing, p. 71. On the other hand, it is of course obvious that establishing that a certain step in the process of a defendant is the same as a certain step in a claim in suit does not fix in the plaintiff the right to a decree.

[9] It follows, I think, that paralleling the steps in a pleading would constitute a pleading of details. The particularity or certainty to be had in a bill of particulars is not certainty to the utmost detail and degree. A rule to that effect would give to pleadings a rigidity that would deny to the pleader any latitude or flexibility of proof and would thus bring about a variance between pleadings and proofs in far too many cases. In bills in equity, certainty to a common intent is the most that is ordinarily required for any purpose. Story's Equity Pleading, § 240. Beyond that point a pleading of detail is a pleading of evidence. As a paralleling of the steps of defendant's processes and the elements of its apparatus with each step and element of the claims in suit would be a setting forth of the facts almost, if not quite, to the utmost detail, I think it would be manifestly a pleading of evidence. That should not be required.

An order in conformity herewith may be presented.