### BEACON FOLDING MACH. CO. v. ROTARY MACH. CO. et al.

District Court, D. Massachusetts. December 23, 1927.

No. 2727.

Patents ⬦⟿310(7)—Further statement may be required of defendant, pleading anticipation or prior use in infringement suit, provided complainant discloses dates of conception and reduction to practice of invention (equity rule 20).

Subject to exception under special circumstances, the court in an infringement suit, under equity rule 20, may order a defendant who has pleaded a number of patents or publications in anticipation, or has alleged numerous instances of prior knowledge and use, to specify what patents, publications, or instances of prior use he will rely on at the trial, and to give approximate dates of prior use or knowledge, provided that complainant shall at the same time disclose to defendant the dates of conception and reduction to practice of the patented invention.

In Equity. Suit by the Beacon Folding Machine Company against the Rotary Machine Company and others. On motion of complainant for further and better statement of defense. Granted in part, on conditions.

See, also, 17 F.(2d) 934.

David Rines, of Boston, Mass., for plaintiff.

George P. Dike, of Boston, Mass., for defendants.

BREWSTER, District Judge. The above-entitled cause is before me on plaintiff's motion for a further and better statement of the matters stated in the defendants' answer, and squarely presents this question: How far may a court go, under equity rule 20, in requiring the defendant to more definitely and particularly set forth the matters upon which he will rely as a defense to plaintiff's bill of complaint?

It would seem desirable and feasible to lay down one or two cardinal principles to govern the court in disposing of motions of this character in patent suits. These, of course, would have application to cases presenting no extraordinary circumstances requiring a more liberal application of equity rule 20. I have considered the practice of the District Courts in this and other jurisdictions, with a view of ascertaining, if possible, what limitations have been placed upon the authority of the court to compel a defendant, in anticipation of trial, to set forth in his pleadings the nature and character of the defense with which he intends to meet the plaintiff's case. Under equity rule 30 the defendant in an equitable proceeding is only required to set out in his answer, in short and simple terms, his defense to each claim asserted in the bill, "omitting any mere statement of evidence and avoiding general denials, but specifically admitting, denying, or explaining the facts upon which the plaintiff relies, unless he is without knowledge, in which case he shall so state, and this shall be treated as a denial." Equity rule 30, as amended May 4, 1925.

Obviously equity rule 20 was adopted for the purpose of enabling a court in its discretion to order a defendant to supplement his answer by further and better statement of the nature of his defense; but it has been well stated that "it is not the office of a bill of particulars to supply allegations essential to make out a cause of action or a valid defense," and that a party cannot be required in a bill of particulars, any more than in his answer, to set out his opinions and arguments, or to disclose his evidence. Universal Oil Products Co. v. Skelly Oil Co. (D. C.) 12 F. (2d) 271. See, also, Green v. Delaware L. & W. R. Co. (D. C.) 211 F. 774; Gimbel Bros., Inc., v. Adams Express Co. (D. C.) 217 F. 318.

As showing the views of the courts in this and other jurisdictions, the following cases are illustrative:

A plaintiff has been required to specify the claims of his patent relied upon as having been infringed, but was not required to make a comparison of the elements of the claim of its patent with the elements of defendant's structure. Bonney Supply Co., Inc., v. Heltzel et al. (D. C.) 243 F. 399. And in Universal Oil Products Co. v. Skelly, supra, the plaintiff, suing upon a process and apparatus patent, was required to furnish particulars describing the steps in the processes of the defendant on which the plaintiff would rely at the trial to establish infringement, and also describing the parts or elements of defendant's apparatus that the plaintiff would rely upon at the trial to establish infringment of the apparatus claim; but it was not required to parallel and compare each step of the process claim and each element of the apparatus with the alleged infringing steps of the defendant's process and with like parts of its apparatus. In Gennert v. Burke & James, Inc. (D. C.) 231 F. 998, the plaintiff, having pointed out the parts of defendant's machine which he claimed to be an infringement, was not compelled to point out the elements in his own claim which he alleged were infringed.

A defendant has been required to specify which of a large number of patents pleaded in anticipation the defendant will rely upon. Grand Rapids Showcase Co. v. Straus et al. (D. C.) 229 F. 199. And this seems to be the prevailing practice in this district. Cressey Contracting Co. v. McDonough, Eq. No. 710 (no opinion); Schaum & Uhlinger, Inc., v. Copley Plaza Operating Co., Eq. No. 802 (no opinion).

In Cressey v. McDonough, supra, Judge Dodge ordered the defendant to disclose when, where, and with what specific apparatus the prior use took place, but not requiring him to describe the specific apparatus. And, per contra, he compelled the plaintiff simultaneously to give the date of his completed invention, the particulars to be submitted in sealed envelopes, to be opened by order of court.

In A. B. Dick Co. v. Underwood Typewriter Co. (D. C.) 235 F. 300, the court granted a motion for particulars, requiring the defendant to specify the patents and publications to be offered in evidence at the trial, what instances of prior use or knowledge the defendant would attempt to prove at the trial, approximately when, where, and with whose knowledge the prior use or invention occurred, the description of the thing invented or used, and whether the article alleged to have been made, or used, or invented prior to the invention was in existence and available for inspection by

the complainant; and here again the plaintiff was required simultaneously to serve on the defendant a statement of the dates approximately of invention as claimed by the plaintiff.

It seems to have been almost the universal practice to order the defendant, who has pleaded in anticipation a number of patents or publications, or has alleged numerous instances of prior knowledge and use (1) to specify what patents, publications, or instances of prior use he will rely upon at the trial; and (2) to give approximate dates of prior use or knowledge, providing the plaintiff shall at the same time disclose to the defendant the dates of the conception and reduction to practice of the invention of the patent in suit.

I am of the opinion that the above could well be adopted as the settled practice for this district. Of course, the extent to which the court may properly go in applying equity rule 20 in each case must depend somewhat upon the particular facts and circumstances, and the court would not be held to the limitations above defined in a case where the plaintiff made a special showing of facts which would entitle him to further particulars.

Inasmuch as a matter of practice is involved, I have conferred with Judge MORTON and Judge LOWELL, and have submitted to them the foregoing. I am authorized to say that it meets with their approval.

It is now left to dispose of the plaintiff's motion for specifications in the case at bar. This case presents no unusual circumstances, and no reason is advanced why the general practice should not prevail.

Accordingly, the first paragraph of plaintiff's original motion and the first paragraph of its further motion will be allowed.

The third and fourth paragraphs of plaintiff's original motion will be allowed, except that the defendants need not specify by appropriate reference characters the parts or elements of each of the said patents, books, and printed publications upon which the defendants will rely, nor will they be required to illustrate or explain the instances of prior knowledge or use.

Paragraph 2 (a) of both of plaintiff's motions will be allowed, providing the plaintiff shall simultaneously file in the proceedings a statement showing the dates when the inventions of the letters patent in suit were first conceived and first disclosed.

In all other respects the plaintiff's motions are denied.

Order may be entered accordingly.