## RAYLITE ELECTRIC CORPORATION v. NOMA ELECTRIC CORPORATION.

District Court, S. D. New York.

Dec. 23, 1946.

Louis Barnett, of New York City, for plaintiff.

Morris Kirschstein, of New York City, for defendant.

GODDARD, District Judge.

This is a motion for a further bill of particulars.

This suit is for a declaratory judgment declaring that three patents of which defendant is exclusive licensee are invalid and not infringed. The patents relate to what are described as "Bubbling devices" and are illuminated tubes in which an ornamental effect is created by the production of a stream of bubbles bubbling through a liquid contained in the tube.

A motion was made before Judge Caffey to dismiss the amended complaint on the ground that there was no justiciable controversy; or in the alternative, for a bill of particulars. Judge Caffey denied the motion to dismiss but granted the motion for a bill of particulars because, in the words of his opinion, "it seems clear that it [defendant] does not have sufficient detailed knowledge as to the similarity of construction and operation of the two devices to enable it properly to prepare its answer." Judge Caffey accordingly entered an order requiring the plaintiff to serve a verified bill of particulars furnishing "a drawing and description of the construction and operation of each bubbling illuminated device, samples of which are alleged in the complaint to have been made by the plaintiff and demonstrated to the trade," and to "furnish one specimen of each such sample."

In response to the order the plaintiff served a bill of particulars giving a description and drawing of the plaintiff's device, but refused to give a sample contending that there was only one and it did not wish to part with possession. In place of the sample plaintiff allowed defendant to inspect the device while in operation in plaintiff's attorney's office. However, the representative of the defendant was not permitted to take the device apart and as a result could not obtain certain important information necessary for a comparison of the respective devices. He therefore requested the plaintiff's attorney to supply this information and his request was refused.

Judge Caffey in his opinion stated that defendant did not have sufficient detailed knowledge as to similarity of construction and operation of the two devices to enable it properly to prepare its answer.

The order to supply a sample was the most expeditious and thorough method of affording defendant sufficient detailed knowledge of the device so as to enable it properly to prepare its answer.

Since the sample from which the defendant could, through its own examination, obtain the necessary detailed knowledge, was not given and plaintiff's counsel refused to amplify the incomplete information obtained by a visual inspection of the device, the plaintiff has failed to comply with Judge Caffey's order.

The defendant therefore is entitled to the information which it would have obtained from full examination of the sample. Universal Oil Products Co. v. Skelly Oil Co., D.C., 12 F.2d 271.

The defendant's motion for a further bill of particulars is accordingly granted, and defendant is allowed twenty days after the service of the supplemental bill of particulars to serve its answer to the amended complaint.

Settle order on notice.