JAMES C. PAYNE, MARY A. WHEELER, a widow, GEORGE C. PAYNE, FRANK H. PAYNE, MRS. AUGUST KAHN, joined by her husband, AUGUST KAHN, MARION J. READER, joined by her husband, H. PARKER READER, MARCELLA TRAVIS, and JANE HARVEY, by her next friend, LESTER HARVEY, as heirs at law of Fremont Payne, deceased, *Appellants,* vs. AILEEN KELLO (Payne) and LEO F. SADDLEMIRE, *Appellees.*

143 So. 790.

Division B.

Opinion filed September 29, 1932.

*Wilson Trammell,* for Appellants;
*Kehoe & Kehoe,* and *Arthur P. Coe,* for Appellees.

DAVIS, J.—The sole question presented by this appeal is whether or not the Chancellor erred in entering an interlocutory order denying a motion by the complainants in the Court below for further and better particulars with reference to certain matters covered by the answer of defendant Leo F. Saddlemire.

The bill in this case was filed by certain alleged heirs at law of Fremont Payne, deceased, to have declared null and void a marriage alleged to have been contracted by said Payne with one Aileen Kello because of an alleged conspiracy on her part with one Leo F. Saddlemire to victimize Payne, who was shown to have been about seventy-five years old, and to have exhibited "considerable susceptibility for attractive young females, such as was and still is Aileen Kello." The bill asserts that Aileen Kello, before her marriage to Fremont Payne, conspired with Saddlemire to take advantage of Payne, who was alleged to have been insane at the time, though capable of appreciating feminine charms such as Aileen Kello possessed, by employing duress, coercion, intimidation and otherwise to keep Payne under their close surveillance and acquire his fortune said to have amounted to some $200,000.00. After the marriage, Saddlemire is charged with having cohabited with Payne's wife, Aileen Kello Payne, and to have through his conspiracy and other relationships with her and her husband to have obtained large amounts of Payne's wealth, concerning which complainants, as

heirs at law of the deceased Payne, asked for an accounting. The answers of Aileen Kello Payne and Leo F. Saddlemire denied all these charges and at the time of the motion hereinbefore referred to, no testimony had been taken and no right to an accounting had been established.

The motion was made under Section 25 of Chapter 14658, Acts of 1931, commonly known as the 1931 Chancery Act (Section 4902-6 C. G. L., 1932 Supplement). That Section reads as follows:

"Better particulars of any matter stated in any pleading may in any case be ordered upon such terms, as to costs and otherwise, as may be just."

This Section is analogous to, and bears the same construction that has been placed on Rule 20 of the Federal Equity Rules which provides that a further and better statement of the nature of the claim or defense, or further and better particulars of any matter stated in any pleading, may in any case be ordered, upon such terms, as to costs and otherwise, as may be just. For a discussion of its application see Bacon Folding Mach. Co. v. Rotary Mach. Co., 23 Fed. (2nd) 345; Universal Oil Products Co. v. Skelly Oil Co., 12 Fed. (2nd) 271; Hopkins Federal Equity Rules (7th Ed.) 163.

In this case the particulars sought were with reference to an accounting the equitable right to demand which the defendant in his answer denied.

It cannot be said to be harmful and reversible error for a Chancellor to deny a motion under Section 25 of the 1931 Chancery Act for further and better particulars concerning a matter of accounting, the right to demand the accounting being resisted and not having been established at least prima facie in support of the motion.

If the basis for the complainant's right to demand an accounting from the defendant Saddlemire is hereafter

established, the motion for further and better particulars in the answer with respect to it, may be renewed at a later stage of the proceeding, when it should then be disposed of "as may be just" under the conditions and circumstances then appearing. The granting or denial of such motions is in every case a matter largely within the sound judicial discretion of the Chancellor, whose action thereon will not be reversed unless shown to be an abuse of discretion which has resulted in prejudice. Gimbel Bros. Inc. vs. Adams Express Co., 217 Fed. 318.

The motion for supersedeas is denied, the order appealed from is affirmed, and the cause remanded for further proceedings with leave to take testimony within such time as the Chancellor shall fix.

Affirmed and remanded for further proceedings.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and judgment.

ELLIS, J., concurring specially.

ELLIS, J. (Concurring).—I think the bill makes a prima facie case—which would entitle complainant in some cases to a better statement of the particulars constituting the ground of the answer. If that were not true complainant would have to make a prima facie case by testimony before he would under the chancery act be entitled to a better statement. I therefore do not like the manner of the treatment. I am of the opinion that the order denying the motion was correct because the answers were each full enough as to all particulars to afford all necessary information to enable complainant to proceed with taking testimony.