ALFRED W. HEIL, ADAMANT CORPORATION, FREDERICK W. TRABOLD and RAYMOND H. WHITE,

*vs.*

STANDARD GAS AND ELECTRIC COMPANY, a corporation duly organized and existing under the laws of the State of Delaware, STANDARD POWER AND LIGHT CORPORATION, a corporation duly organized and existing under the Laws of the State of Delaware, *et al.*

*New Castle, July* 26, 1930.

*Thomas F. Bayard* and *Charles F. Curley*, and *Raymond L. Heilpern*, of New York City, for complainants.

*Clarence A. Southerland*, of the firm of Ward & Gray, for defendant Standard Gas & Electric Company.

*Charles C. Keedy*, for defendant Standard Power & Light Corporation.

*Robert H. Richards*, of the firm of Richards, Layton & Finger, *A. Louis Flynn*, of Chicago, Ill., and *Alexander B. Siegel*, of New York City, of counsel, for defendants.

THE CHANCELLOR. The portion of the proposed amendments which seeks to introduce as individual defendants the persons who were elected directors of Standard Gas and Electric Company on January 7, 1930, will not be allowed. I can see no connection which those persons have with the things complained of, nor is their presence as parties necessary for the effectuating of any relief that the complainants seek.

There are other particulars in which it is sought to amend the bill. With all of them but one, there appears to be no objection. At all events none has been voiced. As to all such unopposed particulars, therefore, the amendments will be allowed.

As to the remaining particular, to which objection is made, my views concerning its appropriateness in this bill are as follows.

The bill charges a conspiracy on the part of certain of the defendants to benefit themselves as holders of the common stock of Standard Power and Light Corporation at the expense of the holders of the common stock of Standard Gas and Electric Company, among whom the complainants are included, by using their influence and control over the latter to cause it to purchase from

the former all its assets at a grossly exaggerated price. As a result of the purchase and sale, the bill alleges, Standard Gas common stock has suffered a per share loss in value, and Standard Power common stock has reaped a correlative increment in per share value; wherefore, according to the bill, the so-called conspirators as holders of Standard Power common stock have enriched themselves at the expense of the Standard Gas common stockholders.

The particular amendment now in question seeks to make U. S. Electric Power Corporation a party defendant on the theory that that corporation was a participant in the wrongs complained of. It was not however a holder of Standard Power and Light Corporation's stock. It was the holder of 580,000 shares of Standard Gas and Electric Company's stock, the stock which the bill alleges was damaged by the transaction of purchase. It voted its 580,000 shares of Standard Gas and Electric stock in favor of the purchase, and in that way aided the alleged wrongdoers in the accomplishment of their plans. If the bare exercise of its right to vote which is incident to its stock in Standard Gas and Electric Company, can, without other accompanying circumstances, be properly said to stamp the character of a conspiring wrongdoer on the U. S. Electric Power Corporation, the same sort of character is affixable upon every other Standard Gas stockholder who voted in a similar way. There were numerous other stockholders who voted in such similar way and who, like the U. S. Electric and Power Company, held no stock in the Standard Power and Light Corporation. If mere voting therefore constitutes a conspiring act, all the other stockholders of Standard Gas and Electric Company would, equally with the U. S. Electric Power Corporation, be proper parties defendant. To join all stockholders as defendants who voted in the affirmative would of course be thoroughly unwarranted. This is for the reason that stockholders have the right to exercise wide liberality of judgment in the matter of voting and may admit personal profit or even whims and caprice into the motives which determine their choice, so long as no advantage is obtained at the expense of their fellow stockholders. *Allied Chemical & Dye Corp. v. Steel & Tube Co. of America*, 14 *Del. Ch.* 1, 120 *A.* 486.

The mere act of voting in favor of the purchase cannot of itself, therefore, justify the charge against the U. S. Electric Power Corporation of wrongful participation in the alleged conspiracy. The proposed amendment in so many words denominates the U. S. Electric Power Corporation as a fellow conspirator with those who used their controlling influence in the Standard Gas and Electric Company to benefit themselves as stockholders of the Standard Power and Light Company. General words, however replete with epithets, will not suffice to take the place of specific allegations showing the basis of fact out of which the inculpating connotations arise. This has been repeatedly stated in dealing with allegations of fraud. Calling a man a conspirator will no more satisfy the rules of pleading than would a general allegation against him of acting in fraud of another's rights.

The charge in this amendment, therefore, that the U. S. Electric Power Corporation was a co-conspirator amounts to nothing and should be ignored unless the facts on which the charge is based are alleged. I have shown that the mere fact of voting with the majority does not constitute such a showing.

But the complainants say there is something more alleged against the U. S. Electric Power Corporation besides the mere voting, which takes the U. S. Electric Power Corporation out of the company of disinterested stockholders and shows it to have reaped a benefit just as peculiar to itself as the benefit reaped by the other confederates is peculiar to them. This additional something consists in this, that the U. S. Electric Power Corporation had a contract arrangement in case the purchase went through, to exchange its 580,000 shares of Standard Gas stock for stock of Standard Power and Light Corporation. That is true. But that circumstance is of no significance when it is remembered that the assets of Standard Power and Light Corporation after the sale, consisted practically entirely of stock of the Standard Gas Company received by it in payment for its assets and the ultimate stock holdings of U. S. Electric Power Corporation in Standard Power and Light Corporation, when interpreted in terms of its assets, shows the U. S. Electric Power Company to be still the owner of exactly the same number of shares of

Standard Gas and Electric stock as it formerly owned. That is to say, instead of holding, as formerly, 580,000 shares of Standard Gas and Electric Company's stock, the U. S. Electric Power Corporation is now, after the purchase, the holder in lieu thereof of a number of shares of Standard Power and Light Company which, as a matter of proportional interest in the latter's assets, represents exactly 580,000 shares of the Standard Gas and Electric stock.

So that U. S. Electric Power Corporation as a result of the transaction is exactly in the same situation as it was before, with this difference only, that whereas before its title to 580,000 shares of Standard Gas and Electric Company was an absolute legal one, it is now an equitable one derivative through its stockholdings in Standard Power and Light Corporation.

Now that being the situation, it must be apparent that if the purchase worked to the detriment and loss of Standard Gas and Electric stock as alleged by the bill, the U. S. Electric Power Corporation, in voting its Standard Gas stock in favor of the purchase, voted not in the interest of its profit. It voted a loss upon itself. How this sort of situation can show it to be guilty of conspiracy to do a wrong to Standard Gas and Electric stockholders, it is impossible to see. The conspiracy charged is one to benefit its participants. The facts alleged show U. S. Electric Power Corporation to be one of its alleged victims. It is hardly to be supposed that it would conspire to injure itself.

I conclude, then, that no facts are alleged which entitle the complainants to join the U. S. Electric Power Corporation as a party defendant.

In reaching this conclusion I have not overlooked the fact that U. S. Electric Power Corporation had the right to acquire, after the purchase and sale transaction, and did acquire, from the defendant Ladenburg, Thallman and Company 165,000 shares of Standard Gas and Electric stock, which was convertible into 330,000 shares of Standard Power and Light stock. But this amendment does not charge that the acquisition from Ladenburg, Thallman and Company was at an undervalued price so that thereby the U. S. Electric Power Corporation obtained a portion of the alleged benefits which the sale brought to Standard Power

and Light Corporation. Indeed, in so far as the amendment speaks of this matter, it charges that the U. S. Electric Corporation paid Ladenburg, Thallman and Company a price that capitalized the alleged increased value which the sale brought to the stock of Standard Power and Light Corporation.

In no way therefore does it appear from the proposed amendment that U. S. Electric Power Corporation reaped any benefit from the purchase by Standard Gas of the assets of Standard Power that was peculiar and personal to itself, and at the expense of others.

In so far as the tendered amendment seeks to join it as a party, leave will be denied.

The proposed amendments are twenty-five in number, and they deal with various matters. The foregoing will furnish the solicitors with a guide in determining the extent to which leave to amend as requested will be allowed. If an agreement cannot be reached, in the light of the foregoing, upon the phraseology of the amendments that will be allowed, a conference with the Chancellor may be had.