WILLIAM H. WEST and MABEL PHELPS LAWTON, Executrix of the Last Will and Testament of WILLIAM H. LAWTON, deceased,

*vs.*

SIRIAN LAMP COMPANY, a corporation of the State of Delaware, H. & B. SECURITIES CORPORATION, CHESTER H. BRASELTON, DONALD R. McLENNAN, WILLIAM G. URMSON, ADAM HAMIN and CLEMENT ORVILLE MINIGER.

*New Castle, November 14, 1945.*

*Hugh M. Morris,* of Morris, Steel & Nichols, for complainants.

*Howard Duane* and *Harry Rubenstein,* (William Bohleber, of New York City, of counsel), for defendants.

HARRINGTON, Chancellor: The complainants seek a decree for the cancellation of the entire no par common voting stock of Sirian Lamp Company on the ground of

fraud and lack of consideration. The defendants, in support of their demurrer, deny that fraud is alleged; they also claim that in any event, the complainants' apparent long delay in filing their bill is not excused by any appropriate allegations.

In the first instance, the complainants sought to sue the holders of the common stock as a class, without having served process on all of them, but now concede that no relief can be granted against any stockholder who is not a real party to the proceeding, either by process served or appearance entered. *West, et al., v. Sirian Lamp Co., et al., ante p.* 328, 42 *A.* 2*d* 883.

The bill alleges:

(1) That the purported consideration for the entire common stock issue (originally 30,000 shares but converted into 300,000 shares) was the grant to the corporation by one John Allen Heany on May 9, 1922, of an exclusive license to use certain United States patent rights and any rights that might be granted on pending applications;

(2) That "such instrument of writing was employed as a means to have the aforesaid 30,000 shares of no par common stock of said Sirian Lamp Company issued without consideration to the said persons (the promoters of the corporation) in evasion and violation of the statutes of the State of Delaware";

(3) That such proposed license "was valueless and known to be by the officers and directors of said Sirian Lamp Company at the time of said agreement";

(4) That the patents described in the agreement had not been exploited or proved to be of any commercial use or value, and that none of the lamps, machines or processes covered thereby has ever gone into commercial use; that such patents were lacking in utility, novelty and invention;

(5) That by the license agreement, the Sirian Lamp

Company agreed to provide the necessary working capital to exploit Heany's inventions, relating to filament type incandescent lamps in the United States and Canada; and, within the next six months from the date of the agreement, was to provide in its treasury the sum of $150,000 to be used in the development of a lamp manufacturing business based on Heany's inventions;

(6)   That the agreement also provided that the licenses granted thereby should automatically terminate upon the breach of the Sirian Lamp Company of any of its provisions; and that such agreement and the rights given thereby did automatically terminate at the expiration of the six months' period by reason of the failure of the Sirian Lamp Company to comply with its terms and conditions;

(7)   "That Sirian Lamp Company well knew at the time said instrument of writing was entered into that even had the patents, purported to be licensed under said instrument of writing, possessed utility, novelty and invention, it would not be possible or practical for Sirian Lamp Company to obtain any value by, from or under said purported license within the said period of six months";

(8)   That, as shown by annual reports of said Sirian Lamp Company, filed with the Secretary of State of Delaware, on January 2, 1923, the amount of preferred stock, then outstanding, was only $11,500.

(9)   That "until a few months ago, the complainants were without knowledge that the issuance of the no par common capital stock of Sirian was unauthorized, illegal and issued without valid consideration."

Other allegations of the bill are unimportant.

Apparently the complainants' theory is that the patent licenses granted were valueless in general, and particularly to Sirian Lamp Company.   They concede that the grant of an exclusive license to use a patent is *prima facie* evidence

of property within the meaning of *Article IX, Section* 3 of the *State Constitution* and *Section* 14 of the *General Corporation Law,* and is ordinarily sufficient consideration to justify the issuance of corporate stock. *West, et al., v. Sirian Lamp Co., et al., ante p.* 90, 37 *A.* 2d 835; *Fletcher Cyc. Corp.* § 5189. They claim, however, that any such inference is rebutted by other factual allegations of the bill, admitted by the defendants' demurrer.

In *Diamond State Brewery Company v. De La Rigaudierre,* 25 *Del. Ch.* 257, 263, 17 *A.* 2d 313, 316, which involved a bill for the cancellation of shares of corporate stock, the Vice-Chancellor pointed out:

"\* \* \* that under *Section* 14 of the *Delaware Corporation Law,* in the absence of actual fraud in the transaction, the judgment of the directors as to the value of the property acquired (by the corporation for the issuance of stock) shall be conclusive; and that consequently, a showing of no more than excessive valuation is insufficient to overcome the conclusiveness of the directors' judgment."

But he also stated that "the attending circumstances may constitute a proper basis for a finding of fraud; \* \* \*."

This is a correct statement of the law.

The complainants say that these principles govern this case and the demurrer should be overruled. They concede that fraudulent lack of consideration is not alleged in so many words, but claim that it is necessarily inferred from all of the admitted facts.

The basic general allegation relied on is that the purported license "was valueless and known to be by the officers and directors" of the Sirian Lamp Company when it was granted. Other allegations are said to be important circumstances accompanying and explaining this allegation. Perhaps the one most strongly relied on is that the defendant company "well knew at the time the said instrument of writing was entered into that even had the patents, purported to be licensed, possessed utility, novelty or invention, it would

not be possible or practical for Sirian Lamp Company to obtain any value by, from or under said purported license within said (contract) period of six months."

All of the well-pleaded allegations of a bill are admitted by a demurrer (*Italo Petroleum Corporation v. Producers Oil Corporation, 20 Del.Ch.* 283, 174 *A.* 276) ; but it is a fundamental rule of pleading that complainants' allegations must be sufficiently definite and specific to inform the defendants of the nature of the claim made against them and what they are called upon to meet. Mere conclusions of law, not supported by facts, therefore, cannot be pleaded, and will not be admitted by a demurrer. *Universal Oil Products Co. v. Skelly Oil Co., (D.C.)* 12 *F.* 2d 271; *Heil, et al., v. Standard Gas & Elect. Co., et al.,* 17 *Del.Ch.* 214, 151 *A.* 303.

The general preliminary allegation that the "said instrument of writing was employed as a means to have the aforesaid 30,000 shares of no par common stock of said Sirian Lamp Company issued without consideration to said persons in evasion and violation of the statutes of the State of Delaware" is within that rule, and is of no real importance in determining whether fraud appears.

The basic allegation with respect to lack of value seems to be in the same category, and is no more than a mere conclusion or opinion, without a statement of any essential facts.

In accordance with the general rule that the issuance of a patent gives rise to a presumption that the qualities essential to patentability are present, a patent is *prima facie* evidence of novelty, utility and invention. 48 *C.J.* 59; *Vol.* 2 *Bouv.Law Dict., (Rawles Third Rev.) Patents, page* 2514; see also, *West, et al., v. Sirian Lamp Company, et al., ante p.* 90, 37 *A.* 2d 835. This may be rebutted by appropriate evidence [*West, et al., v. Sirian Lamp Co., et al., ante p.* 328, 42 *A.* 2d 883; 2 *Walker on Patents, (Deller's Ed.)*

1273], but no such facts appear. Neither the prior state of the art, court decisions holding the patents invalid, nor any other possible pertinent facts are stated. See *Walker on Patents, supra,* §§ 578, 662-664, 714-720. Moreover, the allegation that the corporation knew it would not be possible or practical to obtain any value from the purported license within said period of six months is not sufficiently definite to justify the conclusion that fraud appears.

The terms of the contract, the admitted facts that the patents licensed had not been exploited prior to May 9, 1922, and have never been used for commercial purposes, and that only $11,500 par value of preferred stock was issued prior to January 2, 1923, are pertinent, but they alone do not supply the reason why the patents were valueless. If fraud is relied on, the essential facts must be pleaded.

When the amendment to the bill was allowed (*West et al., v. Sirian Lamp Co., et al., ante p.* 328, 42 *A.* 2*d* 883) I was under the impression that it alleged that the officers and directors of the Sirian Lamp Company did not intend to exploit or commercialize the patents within six months from the date of the contract, but apparently that allegation did not appear.

While the complainants' charges might not have been easy to state with the particularity required by good pleading, their application to amend should have been denied.

Furthermore, the patent licenses were granted May 9, 1922, and the complainants concede that their apparent delay in filing their bill must be explained or excused by appropriate allegations (*Bush v. Hillman Land Co.,* 22 *Del. Ch.* 374, 2 *A.* 2*d* 133; *Bovay v. H. M. Byllesby & Co.,* 25 *Del. Ch.* 1, 12 *A.* 2*d* 178, 190, *etc.; Id.,* 26 *Del. Ch.* 69, 22 *A.* 2*d* 138, 142) ; but conclusions, rather than facts, are alleged. *Bush v. Hillman Land Co., supra; Martin v. Martin,* (*Del.*) 74 *A.* 864.

The demurrer is sustained and an order will be entered accordingly.