Michael D. TANZER and Deborah Tanzer, as Trustees of Tanzer Economic Associates, Inc. Profit Sharing Plan, Plaintiffs below, Appellants,

v.

INTERNATIONAL GENERAL INDUSTRIES, INC., et al., Defendants below, Appellees.

Supreme Court of Delaware.

Submitted March 16, 1977.

Decided Oct. 18, 1977.

Irving Morris and Joseph A. Rosenthal, of Morris & Rosenthal, Wilmington, and Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiffs-appellants.

Richard F. Corroon, Charles S. Crompton, Jr., and Robert K. Payson, of Potter, Anderson & Corroon, Wilmington, and Robert C. Hubbard and Henry J. Formon, Jr., of Satterlee & Stephens, New York City, for defendants-appellees.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In *Singer v. Magnavox Company et al.,* Del.Supr., 380 A.2d 969 (1977), we held that a merger of a Delaware corporation caused by a majority stockholder solely for the purpose of cashing-out minority stockholders is a violation of a fiduciary duty owed by the former to the latter. We reserved for another day the question of whether a merger made primarily to advance the business purpose of the majority stockholder is a violation of that duty. That question is now ready for decision in this appeal.

### I

Briefly, the facts are these:

Plaintiffs are stockholders of Kliklok Corporation (Kliklok), a Delaware corporation. Defendants are International General Industries, Inc. (IGI), a Delaware corporation, and its directors. IGI owned eighty-one percent of Kliklok's outstanding common stock.

On September 30, 1975, IGI formed KLK Corporation (KLK), also a Delaware corporation, as part of a plan whereby IGI would acquire by merger all of Kliklok's common stock. Thereafter, the respective Boards of Directors of Kliklok, IGI and KLK approved a merger of KLK into Kliklok and the plan was given the requisite confirmation by vote of the stockholders in each of the latter corporations. See 8 *Del.C.* § 251.

Arguing that the merger should be enjoined because the sole purpose thereof was to serve the interest of the parent (IGI), plaintiffs sought a preliminary injunction; but the Court of Chancery refused to grant relief because a reasonable probability of ultimate success had not been demonstrated. The Court also declined to consider defendants' motion for summary judgment, after objection by plaintiffs on the ground that it had not been scheduled for hearing. But the Chancellor anticipated an ultimate judgment for defendants by saying that, "obviously the views expressed by the Court on the preliminary injunction application relate to the defendants' motion for summary judgment as well." This appeal followed.

### II

■ Turning first to the procedural status of the case, plaintiffs argue that the order below is appealable now on the merits, while defendants contend that the Chancellor did not abuse his discretion in denying the preliminary injunction, and that is the full scope of review.

A summary judgment ruling by the Trial Court is not before us in a formal sense, though surely what is before us involves more than an exercise of the Chancellor's discretion. Whatever the form, the Court made significant findings and stated conclusions on the merits about plaintiffs' right to relief. These are repeated in more detail hereinafter but, at this time, we need only observe that, in our judgment, the Court determined a substantial issue and established a legal right between the parties to this controversy over a corporate merger. In short, the interlocutory order meets the test of appealability. *C. v. C.,* Del.Supr., 320 A.2d 717, 720 (1974); *Pepsico, Inc. v. Pepsi–Cola Bottling Co. of Asbury Park,* Del.Supr., 261 A.2d 520, 521 (1969). And so we proceed to the contentions which undoubtedly brought the litigants into court in the first place.

### III

■ Under the terms of the merger, IGI acquired all of the Kliklok stock and the minority holders of stock in that corpora-

tion were offered $11.00 per share.[1] Dissenters, of course, have statutory appraisal rights, 8 *Del.C.* § 262.

Plaintiffs' argument amounts to this: a freeze-out merger imposed on a subsidiary corporation by a parent, and designed solely for the purpose of benefiting the parent, is impermissible under Delaware law. Defendants, on the other hand, contend that the merger was for a valid business reason and is permissible under § 251; in addition, they say that the price offered in connection with the merger is intrinsically fair.

As we observed at the outset, *Singer* determines that a cash-out of minority stockholders, when that is the sole purpose of a merger, is a violation of a fiduciary duty owed to them by a majority stockholder. In one sense, that may be said to be what is involved in the Kliklok merger because the minority were cashed out and it is not contended by defendants that Kliklok benefited from the merger. However, the real issue for decision centers around IGI's right to cause a merger "for a valid business reason" of its own, independent of any corporate interest of Kliklok. In short, the question is whether the parent may cause a merger to be made solely for its own benefit, or whether that is a violation of fiduciary duty and actionable under Delaware corporation law.

The parties, following the language of some of the cases, have analyzed the problem in terms of "business purpose" (or "business reason"), but it seems to us that that is not helpful because, at best, the phrase is ambiguous and, at worst, it states a result and not a right or duty. Again, as in *Singer,* the competing rights at stake in this controversy are basically those between majority and minority stockholders. Indeed, it is the power and right of IGI as a *stockholder* of Kliklok which is really under review. That is the status which is the foundation of its right in Kliklok, and it is in that status that IGI expresses its will in directing the affairs of Kliklok. It seems to us, therefore, that IGI is entitled to have its rights in dealing self-interestedly with Kliklok measured by reference to its status as stockholder. In other words, it would not be fair to IGI to examine only its director control of Kliklok which is a consequence of its power and not the source thereof.

While the focus here and in *Singer* has been on the rights of minority stockholders, we are well aware that a majority stockholder has its rights, too. And among these is exercising a fundamental right of a stockholder in a Delaware corporation; namely, the right to vote its shares. There are Delaware cases discussing such rights and to them we now turn.

The most recent case is *Ringling Bros.– Barnum & Bailey Com. Shows v. Ringling,* Del.Supr., 53 A.2d 441, 447 (1947), in which this Court stated the general rule governing the right of a stockholder to vote in his own interest; the Court said:

> ". . . Generally speaking, a shareholder may exercise wide liberality of judgment in the matter of voting, and it is not objectionable that his motives may be for personal profit, or determined by whims or caprice, so long as he violates no duty owed his fellow shareholders."

That ruling followed an earlier decision by the Court of Chancery, *Heil v. Standard Gas & Electric Co.,* 17 Del.Ch. 214, 151 A. 303, 304 (1930), wherein the Chancellor discussed a stockholder's right in much the same language:

> ". . . [S]tockholders have the right to exercise wide liberality of judgment in the matter of voting and may admit personal profit or even whims and caprice into the motives which determine their choice, so long as no advantage is obtained at the expense of their fellow stockholders."

And that ruling was derived from an earlier decision in *Allied Chemical & Dye Corporation v. Steel & Tube Co.,* 14 Del.Ch. 1, 120 A. 486 (1923), in which the Chancellor noted that, subject to the fairness rule, a majority of stockholders had the right to sell assets of a profitable corporation over objection of the minority. The Court also refused to

---

1. At oral argument, we were advised that the merger was consummated in December 1975.

prohibit the holders of common stock from exercising their right to vote because it would profit them as preferred stockholders. 120 A. at 493.[2]

The rule to be derived from these cases is, we think, consistent with the general law governing the interest or bias of a stockholder in voting, as stated in *Fletcher Cyclopedia, Corporations* (Perm.Ed.) § 2031; thus:

> "At a stockholders' meeting, each stockholder represents himself and his own interests solely and in no sense acts as a trustee or representative of others, and his right to vote upon a measure coming before the meeting is not in any way affected by the fact that he has a personal interest therein different or separate from that of the other stockholders, or by the fact that he is related to interested persons. He may vote contrary to what other stockholders deem to be the best interest of the corporation, or even detrimental to it. This is equally true of a stockholder who is also a director voting as a stockholder."

In sum, for more than fifty years our Courts have held, consistent with the general law on the subject, that a stockholder in a Delaware corporation has a right to vote his shares in his own interest, including the expectation of personal profit, limited, of course, by any duty he owes to other stockholders.

Applying that rule here, IGI, as a stockholder of Kliklok, had a right to look to its own corporate concerns in determining how to conduct the latter's affairs, including a decision to cause it to merge. The formal way in which that interest was exercised was in voting its shares generally, and on the merger proposal, specifically. In short, in so doing, IGI is entitled to the benefit of the *Ringling* rule. And that includes a decision to cause the Kliklok merger (subject, of course, to the duty it owes other stockholders).

## IV

■ Although we have stated that IGI is entitled as majority stockholder to vote its own corporate concerns, it should be clearly noted that IGI's purpose in causing the Kliklok merger must be *bona fide*. As a stockholder, IGI need not sacrifice its own interest in dealing with a subsidiary; but that interest must not be suspect as a subterfuge, the real purpose of which is to rid itself of unwanted minority shareholders in the subsidiary. That would be a violation of *Singer* and any subterfuge or effort to escape its mandate must be scrutinized with care and dealt with by the Trial Court. And, of course, in any event, a *bona fide* purpose notwithstanding, IGI must be prepared to show that it has met its duty, imposed by *Singer* and *Sterling v. Mayflower Hotel Corp.*, Del.Supr., 33 Del.Ch. 293, 93 A.2d 107 (1952), of "entire fairness" to the minority.

Citing *Getty Oil Co. v. Skelly Oil Co.*, Del.Supr., 267 A.2d 883 (1970), and other Delaware cases, defendants argue that the decision of IGI to accomplish the merger must be tested by the business judgment rule. While that rule has its place in IGI's intra-corporate affairs, it is not the measure of IGI's responsibility to minority shareholders in its subsidiary. That relationship is governed by the fiduciary standards, discussed above, at least when control over corporate assets and processes for merger purposes is at issue. *Singer v. Magnavox Company, supra.*

Turning now to the Chancellor's opinion, he found that:

> ". . . The principal reason for the merger, and evidently the only reason for the merger, is to facilitate long term debt financing by IGI."

He went on to conclude that:

> ". . . IGI has a legitimate and present and compelling business reason to be the sole owner of Kliklok. IGI is not freezing out the minority just for the purpose of freezing out the minority."

---

**2.** For a summary of the Delaware cases, see Folk, *The Delaware General Corporation Law* p. 209.

Plaintiffs tacitly concede that there is record support for the Chancellor's finding. Indeed, it is not even contested because plaintiffs made essentially the same allegation in the complaint, and their argument here is bottomed on the premise that a freeze-out merger between parent and subsidiary corporations designed solely for the purpose of benefiting the parent is impermissible under Delaware law.

It follows, therefore, that no violation of the rule of *Singer* has been shown, and that IGI has established a *bona fide* purpose for the Kliklok merger.

Since IGI's purpose in causing the Kliklok merger was a proper exercise of its voting power under the rule announced herein, we affirm the order of the Trial Court denying plaintiffs' motion for a preliminary injunction.

## V

This ruling, however, does not terminate the litigation because, given the fiduciary duty owed in any event by IGI to the minority stockholders of Kliklok, the latter are entitled to a fairness hearing under *Singer.* The Chancellor's opinion, announced at the preliminary injunction stage of this proceeding, discussed fairness only in terms of the price offered for the stock, but that was too restrictive. The test required by *Singer,* which applied the rule of *Sterling,* involves judicial scrutiny for "entire fairness" as to all aspects of the transaction.

\*　\*　\*　\*　\*　\*

The order of the Court of Chancery denying injunctive relief is affirmed and the case is remanded for further proceedings consistent herewith.