William B. WEINBERGER, Plaintiff,

v.

UNITED FINANCIAL CORPORATION OF CALIFORNIA, National Steel Corporation, E. A. Teague, F. M. Donahoe, A. N. Frank, Robert Setrakian, Joseph Blumlein, Lola McAlpin-Grant, Hernando Courtright, K. J. Bourguignon, F. A. Plemenos, J. P. Garling, Jr., and Ezra Solomon, Defendants.

Court of Chancery of Delaware, New Castle County.

Submitted July 27, 1979.

Decided July 30, 1979.

William Prickett, Robert C. Carey, and
Richard R. Wier, Jr., of Prickett, Sanders,
Jones, Elliott & Kristol, Wilmington, and
Wolf, Popper, Ross, Wolf & Jones, New
York City, for plaintiffs.

Rodman Ward, Jr., of Skadden, Arps,
Slate, Meagher & Flom, Wilmington, for
defendant United Financial Corp.

Charles S. Crompton, Jr. and Donald J.
Wolfe, Jr., of Potter, Anderson & Corroon,
Wilmington, and Henry A. Morrow, Jr., of
Thorp, Reed & Armstrong, Pittsburgh, Pa.,
for defendant National Steel Corp.

MARVEL, Chancellor:

Plaintiff, suing for himself as well as representatively on behalf of all other holders of common stock of United Financial Corporation similarly situated, brings this action for the granting of preliminary as well as permanent injunctive relief against the consummation of a proposed merger of the defendant United Financial Corporation into a wholly owned subsidiary of the defendant National Steel Corporation, scheduled to be voted on by the stockholders of the former at a special and annual meeting of stockholders noticed to be held in San Francisco, California, on Wednesday, August 1, 1979.[1] National Steel Corporation, as of now, is the holder of some 5% of the issued and outstanding shares of common stock of United Financial Corporation and has been the aggressor over the past six or seven months in pursuing the goal. of effecting a merger with United Financial Corporation.

Plaintiff contends that this action is properly maintainable as a class action in that the number of stockholders of United Financial Corporation is allegedly such that the individual joinder of such stockholders as parties would be impracticable, there being 6,516,908 widely held shares of such corporation issued and outstanding other than those held by National Steel Corporation. He avers that he is fully qualified to act as class representative and therefore asks that the case now be certified as a class action under the provisions of Rule 23.

According to the amended complaint, the individual defendant officers and directors of United Financial Corporation, in alleged breach of their fiduciary duty to plaintiff as well as that owed to other stockholders of United Financial Corporation, and acting in improper consort with officials of the defendant National Steel Corporation, have participated in the development of a scheme designed to permit the latter, by means of a proposed improper merger, to acquire all of the issued and outstanding stock of United Financial Corporation for the alleged unfair price of $33.60 a share, for the benefit of National Steel Corporation as well as that of the individual defendants and to the detriment of the stockholders of United Financial Corporation, certain of the individual defendants having allegedly been assured employment by the resulting corporation in the event that the contemplated merger is accomplished at the expense of the best interests of plaintiff and his fellow stockholders. However, eight of the eleven member board of directors of United Financial Corporation have never been employed by such corporation, being so-called outside directors, and as of now Mr. Frank is the only employed member of the board of directors of United Financial Corporation.

The initial offer of National Steel Corporation for acquisition by means of merger of all of the outstanding shares of United Financial Corporation held by other than the offeror was made in March 1979, a merger price then having been proposed of $42 per share, a price later reduced to $33.60 so as to be in accord with a five for four stock split of its own shares made by United Financial Corporation in the interim. Such offer was allegedly improperly conditioned on the premise that acceptance

1. Consummation of the proposed merger is allegedly contingent upon its approval by the California Department of Savings and Loan as well as of the Federal Savings and Loan Insurance Corporation, procedures which appear to require up to sixty days to accomplish.

of such offer would be recommended to its stockholders by management of United rather than being merely communicated to them. It is also contended that the board of directors of United Financial Corporation did not actually deliberate on such proposal in reaching unanimous approval thereof on March 5, 1979, their opinions having rather been polled. Another alleged improper term of said offer was, as noted above, that those individual defendants then employed by United Financial Corporation were to be assured of continuing employment with the resulting corporation. Such offer also allegedly failed to disclose United Financial Corporation's earnings prospects which information was allegedly sought to be concealed from the public and possible competitive bidders.

Having issued proxy material soliciting approval of the proposed merger on April 24, 1979, on June 18, the Securities Exchange Commission filed an action against both United Financial Corporation and National Steel Corporation which charged such parties with alleged violations of proxy regulations as well as anti-fraud provisions of the Securities Exchange Act of 1934. On the same date both corporate defendants consented to the entry of a judgment agreeing to the granting of the relief sought by the Securities Exchange Commission, and United Financial Corporation then undertook to draft new proxy material and to resolicit stockholder approval of the proposed merger here under attack, material to which the Securities and Exchange Commission apparently did not take exception. On July 2, 1979, United Financial Corporation issued its revised proxy statement in connection with the merger here under attack, which new proxy statement, plaintiff continues to charge, is also false and materially misleading.

According to the amended complaint, the proposed merger was not supported by an in depth study by an impartial investment banking institution but rather by an ex post facto recommendation of First Boston Corporation, the officer in charge of making such recommendation being a close personal friend of the president of United Financial Corporation, said person having also acted in the past as one of the four managing underwriters of a public offering of National Steel Corporation's debt securities in 1976. Thus, his impartiality is allegedly suspect. In addition, the management of United Financial Corporation is charged with having ignored the tentative bids of other entities interested in acquiring all of the shares of stock of such corporation for a price ranging between $36 to $48 a share.

It is further alleged that the elimination of the minority public stockholders of United Financial Corporation as a result of the proposed merger would serve no bona fide business purpose and that such proposed merger, if allowed to be consummated, would violate applicable Delaware law and should therefore be enjoined.

■ As far as price per share is concerned, plaintiff contends that a cursory review of the factors usually considered in valuing a security, namely book value, earnings, current market price, historic market prices, dividend history, intangible factors, and the nature and potential future of the business involved, viewed in light of the fact that a savings and loan business is here involved, leads to the conclusion that a substantial premium should be paid by any one acquiring the stock of United Financial Corporation. Plaintiff's expert concludes that the stockholders of such corporation to be eliminated in the merger here proposed should receive $40 per share, or approximately 160% of book value for their stock. However, having considered the present record, I am persuaded that the price here offered is fair, and there is no evidence of a firm offer in a greater amount. Compare *Thomas v. Kempner*, Del.Ch., C.A. 4138 (March 22, 1973).

■ Next, the issue before the Court in this application for preliminary injunctive relief is not concerned with a majority stockholder sitting on both sides of the bargaining table, *Singer v. Magnavox Company*, Del.Supr., 380 A.2d 969 (1977). Therefore, in my opinion, the strict ruling of *Sterling v. Mayflower Hotel*, Del.Supr., 93

A.2d 107 (1952) does not apply. And while the so-called fraud rule traditionally applicable to third party mergers, if such rule can be said to have ever been a correct test, must be applied here, it is now to be more stringently applied than in the past, *Bruce v. E. L. Bruce Co.*, Del.Ch., 174 A.2d 29 (1956), and *Cole v. National Cash Credit Assn.*, Del.Ch., 156 A. 183 (1931), and compare *David J. Greene & Co. v. Dunhill*, Del.Ch., 249 A.2d 427 (1968). However, in light of the substantial premium here being offered to stockholders of United Financial Corporation in the proposed merger, I conclude that I should not grant the drastic relief sought by plaintiff, namely the entry of a preliminary injunction against the holding of a special and annual meeting of stockholders of United Financial Corporation, now scheduled to be held on Wednesday, August 1, 1979 in California.

■ In short, the substantial premium over market price proposed to be paid to those stockholders who elect to participate in the pending merger, namely 77.8%, cannot be said to be grossly unfair, constitute a conscious abuse of discretion, or be deemed to be a constructively fraudulent act on the part of the board of directors of United Financial Corporation. Accordingly, I am not satisfied that plaintiff has demonstrated a reasonable probability of ultimate success after final hearing, namely the obtaining of a permanent injunction against consummation of the contemplated merger. Nor has he demonstrated the threat of irreparable injury as a result of failure to obtain the entry of a preliminary injunction, *Gimbel v. Signal Companies, Inc.*, Del.Ch., 316 A.2d 599 (1974) as plaintiff and other dissenting stockholders are not only entitled to a full hearing but to an appraisal. In addition, the rights of those stockholders of United Financial Corporation who wish to take advantage of the merger price offered must be taken into account.

Thus, while plaintiff may demonstrate at final hearing that the terms of the proposed merger here in issue do not meet the contemporary tests required to be met in order fully to sustain a third party merger, such as the one here in issue, I am satisfied that he is not entitled to the preliminary injunc-

tive relief which he now seeks. Compare *Tanzer v. International Industries, Inc.*, Del. Supr., 379 A.2d 1121 (1977). In addition, and in any event, plaintiff and others of his class, as noted above, are entitled to preserve their statutory rights to an appraisal of the intrinsic value of their shares, 8 Del.C. Section 262.

■ Furthermore, in light of the fact that the requisite vote for approval of the proposed merger may not be obtained at the meeting scheduled for August 1, 1979, and the case may thus become moot, and because, in any event, consummation of such merger will not become effective for up to sixty days after the August 1 stockholders' meeting in a situation in which the plaintiff has not, as yet, been deposed, his application for certification of this case as a class action is premature.

On notice, a form of order may be submitted, denying the pending application for the granting of a preliminary injunction against the taking of the vote of the stockholders of United Financial Corporation on the proposed merger here in issue at a special and annual meeting of its stockholders to be convened on Wednesday, August 1, 1979, as well as plaintiff's application for the immediate certification of this case as a class action.